OPINION
{¶ 1} Defendant-appellant, William L. Gist, appeals from the sentence imposed upon him by the Columbiana County Common Pleas Court for aggravated burglary and attempted murder.
 {¶ 2} This is appellant's second appeal to this court. A restatement of the facts as set out in his first appeal, State v. Gist,
7th Dist. No. 99-CO-34, 2002-Ohio-5241, is appropriate here.
 {¶ 3} Appellant was involved for six or seven years with a woman named Candice (Candy) Coleman. They had four children together. Apparently, the two had broken up and Candy refused to allow appellant to see the children because he had been acting violently towards her.
 {¶ 4} Candy and the children resided with Candy's parents, Joyce and Gary Coleman. According to Joyce, on August 5, 1998, she was home alone with the children. She went to the basement to do laundry when she noticed appellant in the basement with a rifle pointed at her. Joyce ran up the stairs to the kitchen and appellant followed. Appellant yelled at her to get back down to the basement. She went back through the door to the basement and held it closed while appellant remained in the kitchen. Joyce testified that appellant shot at her through the kitchen door as she ran to exit the basement through another door. A bullet grazed Joyce's ear and head as she escaped. She ran to the neighbor's house where they contacted the police.
 {¶ 5} Appellant was subsequently arrested and indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) with a firearm specification and one count of attempted murder in violation of R.C.2923.02(A) and R.C. 2903.02(A) with a firearm specification.
 {¶ 6} Appellant proceeded to a jury trial. The jury found appellant guilty of the charges in the indictment. The trial court entered judgment on the verdict and sentenced appellant the same day. The court sentenced appellant to ten years of imprisonment for attempted murder, three years for the firearm specification, and eight years for aggravated burglary to be served consecutively.
 {¶ 7} Appellant appealed his convictions and the resulting sentence. This court affirmed his convictions but reversed and remanded the case for resentencing finding that although the trial court gave reasons for imposing a maximum sentence for attempted murder, a nonminimum sentence for aggravated burglary, and consecutive sentences, it failed to make certain necessary findings for imposing those sentences.
 {¶ 8} Upon remand, the trial court held another sentencing hearing. Because the judge who had presided over appellant's trial and originally sentenced appellant had since retired, a new judge presided over appellant's resentencing hearing. The new judge stated he had reviewed the record and agreed with the analysis of the previous judge during the first sentencing hearing. He then made the necessary findings that were lacking at the original sentencing hearing and imposed the identical sentence upon appellant. Appellant filed his timely notice of appeal on February 4, 2003.
 {¶ 9} Although represented by appointed counsel, appellant has also filed a pro se brief for our consideration. His first three assignments of error allege the same errors as his counsel's three assignments of error. He also raises one additional assignment of error, which will be addressed last. Appellant's third assignment of error will be addressed first for ease of discussion.
 {¶ 10} Appellant's third assignment of error states:
 {¶ 11} "The trial court erred in ordering the attempted murder and the aggravated burglary sentences served consecutively."
 {¶ 12} Appellant contends that since the crimes he committed were not the worst forms of the offenses and because he has committed himself to rehabilitation, consecutive sentences were not warranted. He further argues that the trial court failed to make any findings on the record to support its decision to impose consecutive sentences. It asserts the court merely made conclusory statements that mimicked the statutory language without analyzing whether his conduct justified those conclusions.
 {¶ 13} R.C. 2929.14(E)(4) provides:
 {¶ 14} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 15} "* * *
 {¶ 16} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 17} In this case, the court fulfilled the above requirement. At the sentencing hearing, it specifically found that consecutive sentences were necessary to "protect the public from future crime and to punish this offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct in this case and to the danger that the offender poses to the public." (Resentencing Tr. 20-21). The court further found, "this was a course of conduct as a result of this Defendant's actions. The harm caused was so great or unusual that no single prison term would sufficiently protect the public and sufficiently reflect the seriousness of this Defendant's actions." (Resentencing Tr. 21). These findings comply with R.C. 2929.14(E)(4)(b).
 {¶ 18} Additionally, the court had to comply with R.C.2929.19(B)(2)(c), which provides the trial court shall make a finding that gives its reasons for imposing consecutive sentences. Approximately seven months after the trial court resentenced appellant, the Ohio State Supreme Court issued its decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. The Comer court held that the trial court must give its reasons supporting its findings at the sentencing hearing. Comer,
99 Ohio St.3d at paragraph one of the syllabus. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings. Id. at ¶ 19. The Ohio Supreme Court articulated one of the reasons for requiring the court to make separate findings supporting consecutive sentences as follows:
 {¶ 19} "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21.
 {¶ 20} The Comer court also reasoned that since all interested parties are present at the sentencing hearing, an in-court explanation gives counsel the opportunity to correct any obvious errors. Id. at ¶ 22. It further explained that an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. Id.
 {¶ 21} In this case, while the court did not specify its own reasons for imposing consecutive sentences, it did state that it agreed with the analysis of the evidence stated by his predecessor at the first sentencing hearing. The court also stated that it agreed with plaintiff-appellee's, the State of Ohio's, analysis in weighing the recidivism and seriousness factors. (Resentencing Tr. 18, 20). At the first sentencing hearing, the court made many detailed findings. Additionally, in addressing the court at the resentencing hearing, appellee discussed several factors in support of the given sentence.
 {¶ 22} While the factors set out by the original sentencing court and appellee may support the imposition of consecutive sentences, the resentencing court failed to articulate any of its own reasons for finding that consecutive sentences were necessary to protect the public from future crime and to punish appellant, and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger that appellant posed to the public. The resentencing court also did not give any reasons to support its finding that the harm in this case was so great or so unusual that no single prison term would sufficiently protect the public and sufficiently reflect the seriousness of appellant's actions. These reasons are now required by Comer.
Consequently, appellant's third assignment of error has merit.
 {¶ 23} Appellant's first assignment of error states:
 {¶ 24} "The trial court erred in sentencing appellant to the maximum term for the attempted murder conviction."
 {¶ 25} Appellant notes that because he had never served a prison term, he was entitled to the presumption of the minimum prison term. He contends that although the trial court found that he had committed the worst form of the offense, the record does not support this conclusion. Appellant points to the following facts which he contends demonstrate that his attempted murder was not the worst form of the offense: (1) he did not bring a weapon with him to the Colemans' house; (2) he acted in the heat of passion over his inability to see his children: (3) he did not follow Joyce outside to ensure he killed her; (4) he did not engage in prolonged torture; (5) he did not involve more than one victim; (6) the actual physical harm left no permanent disability; and (7) he did not seek out a person unknown to him. Appellant also contends that the trial court failed to make a finding giving its reasons for imposing the maximum sentence, which it was required to do. Citing, R.C. 2929.19(B)(2).
 {¶ 26} Attempted murder is a first-degree felony and carries with it a possible prison sentence of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1).
 {¶ 27} Except as otherwise provided, "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." R.C. 2929.14(C).
 {¶ 28} This court stated, in State v. Higgenbotham (Mar. 21, 2000), 7th Dist. No. 97-BA-70:
 {¶ 29} "As to R.C. 2929.14(C), the [Ohio Supreme Court in State v.Edmonson (1999), 86 Ohio St.3d 324] held that a trial court must record a finding that the defendant fits into one of the categories of offenders listed in the statute section. Id. at 329, 715 N.E.2d 131. While the court again need not itemize its reasons for reaching the conclusion, it must still specify its finding in the record. Id. Statements by a trial court which may impliedly demonstrate that the court made the requisite finding pursuant to R.C. 2929.14(C) are not sufficient."
 {¶ 30} At the resentencing hearing the court stated:
 {¶ 31} "The Court finds, specifically, that the Defendant's conduct with regard to the charge of Attempted Murder constitutes the worst form of the offense and that justifies imposition of the maximum penalty of ten years in a state correction facility." (Resentencing Tr. 19).
 {¶ 32} Thus, the court made the necessary R.C. 2929.14(C) finding on the record at the hearing.
 {¶ 33} In addition to complying with R.C. 2929.14(C), the court was required to follow R.C. 2929.19(B)(2)(e), which provides:
 {¶ 34} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 35} "* * *
 {¶ 36} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 37} While Comer, 99 Ohio St.3d 463, addressed only R.C.2929.19(B)(2)(c), its reasoning for requiring the court to make its findings and give its reasons supporting those findings at the sentencing hearing apply just as well to R.C. 2929.19(B)(2)(e). As noted above,Comer's rationale for requiring the trial court to give its reasons on the record included facilitating a meaningful review for the appellate court, allowing counsel the opportunity to correct obvious errors, and encouraging judges to decide how the statutory factors apply to the facts of the case. Comer, 99 Ohio St.3d at ¶ 21-22. All of these reasons apply equally when the court imposes a maximum sentence as when it imposes consecutive sentences.
 {¶ 38} In this case, the trial court failed to give its own reasons for selecting the maximum sentence. As stated above, the court stated that it agreed with the original sentencing judge's analysis and appellee's analysis of the evidence. However, the court never articulated any of its own reasons for imposing the maximum sentence for attempted murder. Thus, the court failed to comply with R.C. 2929.19(B)(2) in selecting the maximum sentence.
 {¶ 39} Since the trial court failed to give reasons on the record to support its finding, appellant's first assignment of error has merit.
 {¶ 40} Appellant's second assignment of error states:
 {¶ 41} "The trial court erred in sentencing appellant to an eight (8) year term for the aggravated burglary conviction."
 {¶ 42} Appellant argues that the record does not justify an eight-year sentence for his aggravated burglary conviction. He points to his efforts toward rehabilitation while in prison, which include earning his GED, joining Alcoholics Anonymous, completing training with "Commitment to Change," completing a learning workshop, and becoming a tutor for literacy at the prison.
 {¶ 43} Aggravated burglary is a first-degree felony and carries with it a possible prison sentence of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1).
 {¶ 44} Except under certain circumstances, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense, unless the offender was serving a prison term at the time of the offense, or the offender previously had served a prison term, or the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B).
 {¶ 45} Although appellant has a criminal record, it does not appear that he has ever served a prison term. Therefore, he was entitled to the presumption of the shortest prison term unless the court made one of the findings required by R.C. 2929.14(B).
 {¶ 46} In Higgenbotham, 7th Dist. No. 97 BA 70, we noted:
 {¶ 47} "As to R.C. 2929.14(B), the [Ohio Supreme Court] indicated that the record must reflect that the trial court found that `either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.' State v. Edmonson (1999),86 Ohio St.3d 324, 326, 715 N.E.2d 131. While the trial court is not required to give its reasons for reaching this finding, it must nonetheless explicitly indicate in the record that the shortest prison term either would demean the seriousness of the conduct or would not adequately protect the public from future crimes. Id. Absent this specification, a trial court may not stray from the statutorily mandated minimum sentence. Id."
 {¶ 48} The Ohio Supreme Court reiterated and explained this holding in Comer, 99 Ohio St.3d 463. It stated that R.C. 2929.14(B) does not require the court to give its reasons for finding that the seriousness of the offense will be demeaned or the public not adequately protected if a minimum sentence is imposed. Id. at fn. 2. But it held that R.C. 2929.14(B) requires a court, when imposing a nonminimum sentence on a first time offender, to make its statutorily sanctioned findings on the record at the sentencing hearing. Id. at paragraph two of the syllabus.
 {¶ 49} In the present case, the trial court made the essential findings on the record at the resentencing hearing. The court stated:
 {¶ 50} "On the Aggravated Burglary charge, the Court sentences the Defendant to an eight-year term of incarceration in a state correctional facility. The Court finds that that is necessary to punish the offender, to protect the public, and that anything less would demean the seriousness of the Defendant's conduct.
 {¶ 51} "The Court finds, specifically, that the minimum sentence with regard to either the Attempted Murder or the Aggravated Burglary charge would be insufficient to punish him, to protect the public, and that anything less than what the Court is decreeing would demean the seriousness of the Defendant's conduct." (Resentencing Tr. 19-20).
 {¶ 52} Still, appellant argues that the record does not support the court's sentence. An appellate court may increase, reduce, modify a sentence, or vacate a sentence and remand the matter to the trial court if it clearly and convincingly finds that the sentence is contrary to law. R.C. 2953.08(G)(2)(b).
 {¶ 53} We need only look to the record of the resentencing hearing to see that the court considered the seriousness and recidivism factors set out in R.C. 2929.12. The court specifically stated that it agreed with appellee's analysis in weighing the recidivism and seriousness factors involved in this case. (Resentencing Tr. 20). Appellant has failed to point to any evidence that the court neglected to consider the sentencing factors. Additionally, an examination of the trial transcript reveals evidence that a more-than-minimum sentence was appropriate. In the present case, the record supports appellant's maximum sentence for attempted murder. When appellant entered the Coleman's home he was in violation of a civil protection order. (Trial Tr. 188). Appellant hid and waited for Joyce in the laundry room with a firearm. (Trial Tr. 122). The offense took place with appellant's children present in the home. (Trial Tr. 122, 176). Appellant shot at his children's grandmother. (Trial Tr. 124). One of his children actually witnessed the shooting. (Trial Tr. 176). He fired not one shot, but four. (Trial Tr. 433). He chased Joyce down the stairs and shot at her through a closed door. (Trial Tr. 124). Joyce was hit by one of the shots and required medical treatment. (Trial Tr. 125). Thus, we cannot say the record does not support the trial court's sentence.
 {¶ 54} Since the trial court considered the necessary factors, the sentence was within the statutory limits, the court made the required finding on the record, and the court was not required to give reasons to support its finding, appellant's second assignment of error is without merit.
 {¶ 55} Appellant's remaining pro se assignment of error states:
 {¶ 56} "When a trial court is reversed on direct appeal and shows his/her bias at the resentencing hearing, the constitutional right to a fair sentence for the accused is violated, contra the fourth, fifth, sixth and fourteenth amendments."
 {¶ 57} Appellant argues that the trial judge at his resentencing was "hopelessly biased." He contends that the judge failed to review the entire trial record alleging that if he had, he would have known that the previous judge's analysis of the evidence was "importantly twisted, misdirected, perjured testimony." Appellant alleges that the judge's bias was of a personal nature, "deriving from extra-judicial sources." Appellant requests that we not only reverse and remand his case, but also that we order the judge removed from the case.
 {¶ 58} The resentencing judge clearly stated at the beginning of the hearing that he familiarized himself with the record and took the steps necessary to place himself in a position of carrying out the direction of this court. (Resentencing Tr. 3). Later in the hearing, he again noted that he reviewed the record in this case. (Resentencing Tr. 18). Thus, appellant's contention that the judge failed to review the record is unfounded.
 {¶ 59} Furthermore, although appellant alleges the judge was biased against him, he does not explain a basis for this allegation. An examination of the record reveals nothing to support appellant's vague allegation. Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 60} For the reasons stated above, the trial court's decision is hereby affirmed as to appellant's aggravated burglary sentence. It is reversed and remanded for resentencing as to appellant's attempted murder sentence and to the order of consecutive sentences.
Vukovich and DeGenaro, JJ., concur.