OPINION
{¶ 1} Appellant, Christopher Balwanz, appeals the June 18, 2004, Journal Entry entered in the Belmont County Court of Common Pleas. This entry resentenced Appellant on remand after this Court vacated his original sentencing following his jury trial and conviction on possession of drugs, a second degree felony, and the failure to comply with the order or signal of a police officer, a fourth degree felony.
 {¶ 2} This Court concluded in State v. Balwanz, 7th Dist. No. 02-BE-37, 2004-Ohio-1534, that the trial court failed to make the requisite statutory findings in order to impose consecutive sentences. Thus, it remanded the matter for resentencing.
 {¶ 3} The trial court on remand ordered the consecutive sentences to be served concurrently. (June 18, 2004, Journal Entry, p. 5.)
 {¶ 4} Appellant's current appeal before this Court alleges that the trial court erred in imposing the maximum prison term for Appellant's second degree felony cocaine possession offense in violation of R.C. §2925.11(A). His sole assignment of error asserts:
 {¶ 5} "The trial court erred to the prejudice of defendant appellant when it sentenced him to the maximum sentence allowed by law when the record did not support the court's findings."
 {¶ 6} R.C. § 2929.14(A)(1) requires a definite term of imprisonment of two to eight years for a second degree felony conviction. Appellant was sentenced to the maximum eight years for his second degree felony cocaine possession offense and the maximum 18 months for his failure to comply with the signal of police officers in violation of R.C. § 2921.331(B), a fourth degree felony.
 {¶ 7} The thrust of Appellant's argument on appeal is that the trial court's maximum sentencing findings concerning his cocaine possession offense were unsupported by the record. He does not take issue with his maximum sentence for his failure to comply with the signal of police offense.
 {¶ 8} R.C. § 2929.14(C) authorizes a sentencing court to impose the maximum prison term only on certain offenders: those who committed the worst forms of the offense; those who pose the greatest likelihood of committing future crimes; certain major drug offenders; or certain repeat violent offenders as specified in R.C. § 2929.14(D)(2).
 {¶ 9} Pursuant to State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, the sentencing court is required to make the requisite findings and give its reasons on the record at the sentencing hearing when imposing a maximum sentence. R.C. § 2929.19(B)(2)(d).
 {¶ 10} Appellant does not allege that the trial court failed to make the requisite statutory findings. Notwithstanding Appellant's argument on appeal, the court erred in sentencing on remand because it failed to make any of the four R.C. § 2929.14(C) findings to support maximum sentences on the record at Appellant's resentencing hearing in either offense.
 {¶ 11} The trial court did give detailed reasons for imposing the maximum sentence for Appellant's failure to comply with the signal of police at his resentencing, but it did not find on the record that this was the worst form of the offense.
 {¶ 12} Instead of making the requisite maximum sentence findings and giving its reasons in support, the trial court simply referred to its findings made at Appellant's original sentencing. Apparently in reliance on the sole reason given for remand, the sentencing court based its maximum sentencing decision on its original findings. The record reflects the court stated that, "[b]ased upon the original findings and those made today, the court hereby determines that the defendant should serve eight years on his possession of cocaine charge, 18 months for his failure to comply with the signal of police officers and that this sentence should be served concurrently." (June 14, 2004, Sentencing Tr., p. 6.) However, the court did not restate those original findings.
 {¶ 13} Once Appellant's counsel indicated that he intended to appeal the imposition of the maximum sentences rendered at his resentencing hearing, the sentencing court remarked: "The findings made at the time of the original sentencing remain in effect but for the court finding that there was a showing of remorse." (June 14, 2004, Sentencing Tr., pp. 6-7.)
 {¶ 14} Thereafter, the trial court wrote in its June 18, 2004, sentencing entry that it, "expressly stated [at the resentencing hearing] that it re-adopted the findings made at the time of the original sentencing * * * including that this case was the worst case of its kind." (June 18, 2004, Journal Entry, p. 2.) However, at hearing the trial court never uttered the words "worst case of its kind," "worst form of the offense," or any of the other R.C. § 2929.14(C) findings.
 {¶ 15} The sentencing court did make the following findings at Appellant's original sentencing hearing, which were sufficient to sustain the maximum sentences:
 {¶ 16} "This is, without a doubt, the worst case of fleeing and alluding [sic] that has come before this court. The following factors have been noted: This chase started at 12:25 a.m., ended at 12:38 and covered more than ten miles. During that period of time, the defendant was driving in speeds in excess of 80 miles per hour and 60 miles per hour on county roads. He failed to stop at stop signs or traffic lights and refused to heed the officers' verbal and audible signals to stop.
 {¶ 17} "* * *
 {¶ 18} "In regard to the second crime for which you have been found guilty, the court notes that the amount of drugs was 193 grams of cocaine worth approximately $30,000 on the street. You indicated you are not a user, so one can only infer that the drugs were not for your own personal pleasure. At no time in the course of this proceeding have you ever admitted that you were guilty in any way and your only remorse that you have expressed is for the punishment that will come about as your conviction.
 {¶ 19} "* * * I can only conclude that anything less than the maximum sentence would demean the seriousness of this offense and that the offenses are the worst to have come before me." (August 24, 2001, Sentencing Tr., pp. 6-7.)
 {¶ 20} The sentencing court also noted Appellant's "extreme likelihood of recidivism" based on his criminal history of drug related activity. (August 24, 2001, Sentencing Tr., p. 7.)
 {¶ 21} In addition, Appellant did not challenge his maximum sentences in his initial appeal. In fact, this Court stated in its prior Opinion that: "Appellant concedes that the court made the required findings to sentence him to maximum prison terms." Balwanz, ¶ 73.
 {¶ 22} Regardless of the thoroughness of the trial court's original sentencing findings on this issue, however, the trial court was required to completely resentence Appellant on remand. A sentencing remand requires the trial court to reassess and/or reiterate the requisite maximum sentencing findings in order for it to reimpose the maximum terms.
 {¶ 23} This Court has previously addressed a comparable issue in Statev. Gist, 7th Dist. No. 03 CO 10, 2003-Ohio-7018, on appeal after remand and resentencing. The trial court evidently failed to specify its reasons for imposing consecutive sentences at the original sentencing hearing. A new sentencing hearing was held on remand, but the original sentencing judge had retired. The new sentencing judge made the necessary findings that were lacking at Appellant's original sentencing hearing and imposed the identical sentence.
 {¶ 24} However, the new judge did not reiterate the original findings made at the initial sentencing hearing. Instead, the, "new judge stated he had reviewed the record and agreed with the analysis of the previous judge during the first sentencing hearing." Id. at ¶ 8. On appeal, this Court held that since the new judge failed to articulate its own reasons for selecting the maximum sentence and imposing consecutive sentences, it failed to comply with Comer. Id. at ¶ 22, 38. As such, the case was reversed and remanded again for resentencing.
 {¶ 25} Based on this Court's holding in Gist, we are compelled to reverse and vacate Appellant's sentence. Pursuant to Comer and Gist,
supra, we must remand the matter so the sentencing court can make the necessary statutory findings and reasons in support of its decision to impose the maximum sentences on the record at the sentencing hearing.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.