OPINION
{¶ 1} Defendant-appellant Christopher Balwanz appeals from the October 12, 2005 Sentencing Entry entered in the Belmont County Common Pleas Court. The issue raised in this appeal is based upon State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the following reasons, the judgment of the trial court is reversed, the sentence is vacated and the cause is remanded for resentencing.
 STATEMENT OF CASE {¶ 2} This is the third time this case has been before this court. See State v. Balwanz, 7th Dist. No. 02BE37,2004-Ohio-1534 (Balwanz I) and State v. Balwanz, 7th Dist. No. 04BE32, 2005-Ohio-2955 (Balwanz II).
 {¶ 3} In 2001, Balwanz was convicted of one count of possession of drugs and one count of failure to comply with the order or signal of a police officer. He received the maximum 18 month sentence for the failure to comply conviction and the maximum 8 year sentence for the possession of drugs (cocaine) conviction. The trial court ordered the sentences to be served consecutively. Balwanz appealed (Balwanz I). He argued that while the trial court made the required maximum sentences findings, it failed to make the required consecutive sentence findings. Based on the Ohio Supreme Court's mandate in State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165 (overruled by Foster,109 Ohio St.3d 1, 2006-Ohio-856), this court agreed. Thus, inBalwanz I, we vacated the sentence, and reversed and remanded for further proceedings.
 {¶ 4} On remand, the trial court once again ordered maximum prison terms for each crime, but instead of ordering the sentences to be served consecutively, the trial court ordered the sentences to be served concurrently. Balwanz appealed that sentence (Balwanz II). He argued that during resentencing, the trial court failed to make the appropriate maximum sentence findings. This court agreed. We stated that the trial court was very thorough in the original sentencing hearing when it imposed maximum sentences. However, once this court vacated the sentences and remanded for new sentencing in Balwanz I, the trial court was required to reassess and reiterate the requisite maximum sentence findings at the new sentencing hearing. We explained that in order to comply with the Supreme Court's mandate inComer, 99 Ohio St.3d 463, 2003-Ohio-4165, the trial court was required to completely resentence Balwanz. Failure to do so resulted in error that required vacation of the sentences and remand for a new sentencing hearing. Balwanz II.
 {¶ 5} The resentencing hearing was held on October 11, 2005. Prior to sentencing, Balwanz argued that Ohio felony sentencing scheme was unconstitutional pursuant to United States Supreme Court cases Blakely v. Washington (2004), 542 U.S. 296 andUnited States v. Booker (2005), 543 U.S. 220. (11/11/05 Tr. 3-8). The trial court disagreed and followed the directive of our court in Balwanz II. It found that Balwanz committed the worst form of the offense and issued maximum sentences for each crime. 10/12/05 J.E. The trial court then ordered the sentences to be served concurrently. 10/12/05 J.E. Balwanz timely appeals from that order raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT DENIED MR. BALWANZ DUE PROCESS OF LAW AND THE RIGHT TO A JURY TRIAL, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY SENTENCING MR. BALWANZ TO PRISON BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY MR. BALWANZ."
 {¶ 7} Balwanz argues that based upon the Ohio Supreme Court's recent case of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the trial court's maximum sentence findings resulted in an unconstitutional sentence. The state concedes that Balwanz's argument has merit. We also agree.
 {¶ 8} In Foster, the Ohio Supreme Court held that the provision of the Revised Code relating to nonminimum (R.C2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive (R.C.2929.14(E)(4)) sentences are unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. The Court then went on to hold that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 9} Thus, the implication of Foster, is that trial courts are no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences; it has full discretion to impose a sentence within the statutory range. Id. at, ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing in order for the sentencing to comport with Foster. Id. at, ¶ 104. Once this is an order, a defendant, while entitled to a new sentencing hearing, may choose to waive the hearing, and have the sentencing court act on the record before it. Id. at ¶ 105.
 {¶ 10} The Ohio Supreme Court explained:
 {¶ 11} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 12} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117." Id. ¶ 104-105.
 {¶ 13} The same day Foster was decided, the Ohio Supreme Court also decided its companion case, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855. Mathis clarified Foster by adding:
 {¶ 14} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 15} Considering all the above, and the fact that the trial court made maximum sentences findings, i.e. worst form of the offense, the sentence must be vacated and the cause remanded for resentencing. However, in all fairness, we must note that the trial court followed our ruling in Balwanz II and was made according to the law as it existed at that time, i.e. Comer,99 Ohio St.3d 563, 2003-Ohio-4165. The Ohio Supreme Court's decision in Foster overruled Comer and significantly altered felony sentencing laws. The Foster decision came well after the trial court's decision following the remand in Balwanz II and while the current appeal was still pending.
 {¶ 16} For the foregoing reasons, the judgment of the trial court is hereby reversed, the sentence is vacated and the case is remanded for resentencing.
Donofrio, P.J., concurs.
Waite, J., concurs.