OPINION *Page 2 
{¶ 1} Defendant-appellant Christopher Balwanz appeals from the April 3, 2007 sentencing entry entered in the Belmont County Common Pleas Court. The issue raised in this appeal is whether the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which severed R.C. 2929.14(B)'s presumption of a minimum sentence for an offender who had not previously served a prison term, violates the ex post facto clause of the United States Constitution. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} This is the fourth time Balwanz's sentence for his convictions of possession of drugs and failure to comply have been before this court. See State v. Balwanz, 7th Dist. No. 02BE37, 2004-Ohio-1534
(Balwanz I); State v. Balwanz, 7th Dist. No. 04BE32, 2005-Ohio-2955
(Balwanz II); and State v. Balwanz, 7th Dist. No. 05BE35, 2006-Ohio-4616
(Balwanz III).
 {¶ 3} "In 2001, Balwanz was convicted of one count of possession of drugs and one count of failure to comply with the order or signal of a police officer. He received the maximum 18 month sentence for the failure to comply conviction and the maximum 8 year sentence for the possession of drugs (cocaine) conviction. The trial court ordered the sentences to be served consecutively. Balwanz appealed (Balwanz I). He argued that while the trial court made the required maximum sentences findings, it failed to make the required consecutive sentence findings. Based on the Ohio Supreme Court's mandate in State v. Comer,99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165 (overruled by Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856), this court agreed. Thus, inBalwanz I, we vacated the sentence, and reversed and remanded for further proceedings.
 {¶ 4} "On remand, the trial court once again ordered maximum prison terms for each crime, but instead of ordering the sentences to be served consecutively, the trial court ordered the sentences to be served concurrently. Balwanz appealed that sentence (Balwanz II). He argued that during resentencing, the trial court failed to make the appropriate maximum sentence findings. This court agreed. We stated that the trial court was very thorough in the original sentencing hearing when it imposed maximum sentences. However, once this court vacated the sentences and remanded *Page 3 
for new sentencing in Balwanz I, the trial court was required to reassess and reiterate the requisite maximum sentence findings at the new sentencing hearing. We explained that in order to comply with the Supreme Court's mandate in Comer, 99 Ohio St.3d 463, 793 N.E.2d 473,2003-Ohio-4165, the trial court was required to completely resentence Balwanz. Failure to do so resulted in error that required vacation of the sentences and remand for a new sentencing hearing. Balwanz II.
 {¶ 5} "The resentencing hearing was held on October 11, 2005. Prior to sentencing, Balwanz argued that Ohio's felony sentencing scheme was unconstitutional pursuant to United States Supreme Court casesBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621. (11/11/05 Tr. 3-8). The trial court disagreed and followed the directive of our court in Balwanz II. It found that Balwanz committed the worst form of the offense and issued maximum sentences for each crime. 10/12/05 J.E. The trial court then ordered the sentences to be served concurrently. 10/12/05 J.E." Balwanz, 2006-Ohio-4616, ¶ 3-5.
 {¶ 6} Balwanz appealed that sentence. (Balwanz III). The basis for the appeal in Balwanz III was the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Foster rendered provisions of the Revised Code relating to nonminimum (R.C. 2929.14(B)), maximum (R.C.2929.14(C)), and consecutive (R.C. 2929.14(E)(4)) sentences unconstitutional because they required judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. In line with that decision, we reversed the trial court's judgment, vacated the sentence and remanded for resentencing because the trial court made maximum sentence findings.
 {¶ 7} On March 19, 2007, a resentencing hearing was held by the Belmont County Common Pleas Court. The trial court once again sentenced Balwanz to the maximum 18 months on the failure to comply conviction and the maximum eight years on the possession of drugs conviction. The sentences were also once again ordered to be served concurrently. Balwanz now appeals from that sentence.
 ASSIGNMENT OF ERROR *Page 4 {¶ 8} "THE COURT OF COMMON PLEAS VIOLATED APPELLANTS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH INCORPORATES PRINCIPLES OF THE EX POST FACTO CLAUSE OF ARTICLE I, § 10, BY RESENTENCING HIM TO A PRISON TERM THAT EXCEEDED THE `MAXIMUM' SENTENCE WHICH IS IMPOSED UNDER THE LAWS IN EFFECT AT THE TIME OF HIS OFFENSE BEFORE APPLYING ANY SENTENCE ENHANCEMENT FACTORS FOUND TO BE UNCONSTITUTIONAL IN STATE V. FOSTER, 845 N.E.2D 470."
 {¶ 9} Pre-Foster, R.C. 2929.14(B) enumerated findings that were required to be made by a trial court prior to it sentencing an offender to more than the minimum term. R.C. 2929.14(B) read as follows:
 {¶ 10} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02
or 2907.05 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 11} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 12} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} Thus, R.C. 2929.14(B) contained a minimum presumption and in order for that presumption to be overcome, either subsection (1) or (2) had to be found by the trial court.
 {¶ 14} However, the Ohio Supreme Court, in Foster, rendered R.C.2929.14(B) in its entirety unconstitutional since it required judicial fact finding. Foster, 2006-Ohio-856, paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed R.C. 2929.14(B) in its entirety from the statute. Id. at paragraph two of the syllabus and ¶ 96-97.
 {¶ 15} Balwanz acknowledges all of this. However, he argues that the Supreme Court violated the ex post facto clause of the United States Constitution when it severed the minimum presumption. *Page 5 
 {¶ 16} This court has previously ruled on the ex post facto argument and found it meritless. State v. Palmer, 7th Dist. No. 06JE20,2007-Ohio-1572, ¶ 75. In Palmer, we cited to several cases from other Ohio Appellate Districts that have ruled that the ex post facto argument is meritless. Id. at ¶ 59-76. We explained the reasons for holding as such are multiple. One is that a court of appeals is an inferior court to the Ohio Supreme Court and the appeals court is required to follow the Supreme Court's mandates. Accordingly, an appellate court lacks the power to declare a mandate of the Ohio Supreme Court to be unconstitutional. Id. at ¶ 62, 69, 74. Another reason is that the Supreme Court's severance of the unconstitutional sections of the statute did not affect the range of punishment an offender would face; the offender would still be subject to the range set forth in R.C.2929.14(A) (which was unaffected by Foster). Id. at ¶ 65, 67, 71. A third reason was that the presumption of a minimum sentence was only a presumption and not a guarantee, and thus there was no ex post facto violation. Id. at ¶ 72. Lastly, the Ohio Supreme Court denied a reconsideration motion in Foster that urged the Court to find thatFoster violated the ex post facto clause, and as such, it seemed to have implicitly found no merit with the argument. Id. at ¶ 74.
 {¶ 17} Furthermore, the Tenth Appellate District has explained:
 {¶ 18} "As the Foster court noted, once the mandatory judicial fact-finding is properly eliminated from R.C. 2929.14, `there is nothing to suggest a "presumptive term."' Foster, at ¶ 96. Therefore, the court held, the sections that `* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]' Id. at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum sentences. As such, Foster does not violate appellant's right to due process and does not operate as an ex post facto law." State v. Fout, 10 Dist. No. 06AP-664, 2007-Ohio-619, ¶ 6.
 {¶ 19} We find the Tenth Appellate District's reasoning persuasive and adopt it as our own. Thus, considering all the above, we once again hold that Foster does not operate as an ex post facto law.
 {¶ 20} In the last paragraph of the pro se brief, Balwanz argues one additional point. He cites to State v. Montgomery, 159 Ohio App.3d 752,2005-Ohio-1018, and the Ohio Supreme Court's affirmance of that decision and contends that their collective *Page 6 
holding suggests that for an offender who has not previously been sentenced to prison the minimum sentence is the maximum prison term allowable.
 {¶ 21} Montgomery is a First Appellate District case that was released prior to the decision in Foster. In Montgomery, the First District determined that subsection (2) (the finding that the "shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others") under R.C. 2929.14(B) required judicial findings. Thus, it determined that subsection (2) was unconstitutional based upon the United States Supreme Court's decisions in Blakely v. Washington (2004),542 U.S. 296 and United States v. Booker (2005), 543 U.S. 220. It stated that "[t]he minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions."Montgomery, 2005-Ohio-1018, at ¶ 10. Based on that reasoning it treated the minimum prison terms as the statutory maximum for offenders who have not previously served a prison term. Id. at ¶ 11. Or in other words, it found that subsection (2) under R.C. 2929.14(B) is unconstitutional, but that the minimum presumption for offenders who had not previously served a prison term as is enumerated in R.C. 2929.14(B)(1) was still valid and enforceable.
 {¶ 22} After the Ohio Supreme Court accepted Foster for review, it accepted a plethora of cases dealing with the same issue — whether R.C.2929.14(B), (C) and (E) required judicial fact findings and thus were unconstitutional on the basis of Blakely and Booker. Montgomery was one of the cases accepted. Instead of issuing a full opinion with an explanation in every one of the cases pending on the same issue asFoster, the Supreme Court entered a few decisions that decided multiple cases at one time. See In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109; In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 411, 2006-Ohio-2394; In reOhio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 450,2006-Ohio-2626; In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 509, 2006-Ohio-2721; In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 518, 2006-Ohio-3254.
 {¶ 23} Montgomery was disposed of in In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109. In the excerpt disposing of Montgomery, the Supreme Court held: *Page 7 
 {¶ 24} "The following disposition of currently pending appeals and certified conflicts are hereby entered based on our decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 270.
 {¶ 25} "* * *
 {¶ 26} "The judgments of the courts of appeals in the following cases are affirmed in part and reversed in part, and the causes are remanded to the trial courts for resentencing:
 {¶ 27} "* * *
 {¶ 28} "2005-0498. State v. Montgomery, Hamilton App. No. C-040190,159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250. Affirmed as to the holding regarding more than minimum sentence and reversed and remanded on the portion of the opinion regarding consecutive sentences." Id. at ¶ 1, 165, 167.
 {¶ 29} Thus, the Ohio Supreme Court did affirm the First District's more than minimum sentence holding. However, when reviewing that holding in light of the opinion in Foster, it cannot be concluded that the Ohio Supreme Court, in affirming Montgomery as to more than the minimum sentence, was holding that an offender that has not previously served a prison term, the maximum he can receive is the minimum sentence allowable by law.
 {¶ 30} As explained above, Foster disposed of the presumption of a minimum sentence; however, Montgomery did not do that.Montgomery found that subsection (2) (shortest prison term would demean seriousness of the offense finding) required judicial fact findings and thus was not allowable by Blakely or Booker. However, it still upheld the presumption of the minimum sentence found in R.C. 2929.14(B)(1). Thus, Montgomery held that subsection (2) under R.C. 2929.14(B) was unconstitutional, but that R.C. 2929.14(B)(1) was constitutional.Foster, in contrast, rendered the entire section of R.C. 2929.14(B) unconstitutional, which included subsections (1) and (2), and thus severed it from the statute. Consequently, it must be concluded that when the Ohio Supreme Court affirmed the Montgomery court's holding of more than the minimum sentence, it was affirming the Montgomery court's conclusion that R.C. 2929.14(B)(2) required judicial fact finding and thus was unconstitutional. It was not an affirmance of theMontgomery court's holding that the minimum sentence is the statutory maximum sentence for an offender who has not previously served a prison term. *Page 8 
 {¶ 31} To hold otherwise would conflict with the specific language inFoster that disposed of the minimum presumption. As aforementioned,Foster specifically indicated that when the judicial fact finding was eliminated from R.C. 2929.14 "there is nothing to suggest a `presumptive term' and the section that created either `presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]' Foster, 2006-Ohio-856 at ¶ 96-97. Foster is clear that the presumption for the minimum does not exist anymore. Thus, we should not hold that Montgomery and its affirmance provides that Balwanz should only be sentenced to the minimum sentences for both of his convictions.
 {¶ 32} Foster does not operate as an ex post facto law. Furthermore,Montgomery and the Ohio Supreme Court's affirmance of it, does not indicate that the minimum sentence is the statutory maximum for an offender who has not previously served a prison term.
 {¶ 33} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., Waite, J., concurs. *Page 1