OPINION
{¶ 1} Defendant-appellant, Wayne E. King, Jr., appeals a decision of the East Liverpool Municipal Court denying his motion to dismiss the charge of operating a vehicle under the influence of alcohol and/or suppress the evidence for lack of a reasonable and articulable suspicion to arrest.
 {¶ 2} On October 4, 2004, Patrolman Patrick Wright, of the East Liverpool Police Department, was on duty and on special assignment to the Columbiana County Task Force. He was not in a city cruiser or dressed in a city uniform. Patrolman Wright observed appellant operating his vehicle recklessly and well in excess of the posted speed limit. Patrolman Wright then activated the emergency lights of the unmarked vehicle he was driving and attempted to stop appellant. Initially, appellant did not stop and was forced to a stop in traffic where Patrolman Wright was able to reach in the car and turn the vehicle off.
 {¶ 3} Appellant was charged with operating a vehicle under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1) and reckless operation in violation R.C. 4511.20. Appellant pleaded not guilty and the case proceeded to pretrial matters. On January 19, 2005, appellant filed a motion to dismiss the charge of driving under the influence of alcohol and/or suppress the evidence for lack of a reasonable and articulable suspicion to arrest. The motion was heard on February 23, 2005, with Patrolman Wright and appellant testifying, and overruled.
 {¶ 4} On March 16, 2005, appellant pleaded no contest to both charges and was found guilty. The trial court sentenced appellant to thirty days in jail, with twenty-seven days suspended, three days in a driver intervention program, and a $400.00 fine. Appellant's sentence was stayed by the trial court pending the disposition of an appeal. This appeal followed.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "THE TRIAL COURT WAS IN ERROR BY NOT COMPLYING WITH OHIO REVISED CODES 4549.14 AND 4549.16 AND EVIDENCE RULE 601 BY ALLOWING PATROLMAN PATRICK WRIGHT TO TESTIFY AT [sic] AGAINST THE DEFENDANT WHEN HE ENFORCED OHIO TRAFFIC LAWS OUT OF UNIFORM AND IN AN UNMARKED VEHICLE."
 {¶ 7} The standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v.Lloyd (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913; State v.Winand (1996), 116 Ohio App.3d 286, 288, 688 N.E.2d 9, citingTallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608,645 N.E.2d 802. Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses."State v. Hopfer (1996), 112 Ohio App.3d 521, 548,679 N.E.2d 321, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653,645 N.E.2d 831. As a reviewing court, this Court must accept the trial court's factual findings and the trial court's assessment of witness credibility. State v. Brown (Sept. 7, 1999), 7th Dist. No. 96-B-22, citing State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141, overruled on other grounds as stated in Village ofMcComb v. Andrews (Mar. 22, 2000), 3d Dist. No. 5-99-41.
 {¶ 8} Appellant contends that Patrolman Wright was not competent to testify at the suppression hearing since he had not been using a marked police cruiser. Notably, appellant never raised this alleged error as an issue at the hearing, nor did he object to Patrolman Wright testifying. Appellant's January 19, 2005 motion to dismiss the charge of driving under the influence of alcohol and/or suppress the evidence makes no reference to Patrolman Wright's competency to testify. The motion argued that there was insufficient reasonable and articulable suspicion to stop appellant and that the field sobriety tests were not administered in strict compliance with standardized testing procedures. The subsequent hearing on appellant's motion focused only on those two issues and the issue of Patrolman Wright's competency to testify was never raised or addressed.
 {¶ 9} Consequently, appellant waived any alleged error with regard to Patrolman Wright's competency to testify. An appellate court need not consider an error that a party could have called to the trial court's attention but did not. State v. Williams
(1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus. Cf. State v. Norman (1999)137 Ohio App.3d 184, 738 N.E.2d 403 (absence of objection to the failure to administer oath to a witness constitutes waiver on appeal); Haslam v. Russell, 7th Dist. No. 03 MO 3,2003-Ohio-6724 (failure of counsel to object to police sergeant's not being qualified as either a lay or expert witness constitutes waiver on appeal). In this case, appellant never raised the issue of Patrolman's Wright's competency to testify in his motion to dismiss/suppress or in the subsequent hearing on that motion. Specifically, at the hearing, the trial court began the proceedings with the following statement:
 {¶ 10} "THE COURT: I understand by stipulation of the parties the sole issue is the articulable suspicion for the stop. That will be the sole issue before the Court today for the Motion to Suppress/Dismiss." (Tr. 3.)
 {¶ 11} Having never had the opportunity to first consider the issue of Patrolman Wright's competency to testify, it cannot be fair to say now that the trial court erred in denying the motion on that basis.
 {¶ 12} Assuming arguendo that appellant had properly preserved the issue for review, his argument would still fail. There are several statutes which are relevant to the resolution of the issue raised by this assignment of error.
 {¶ 13} R.C. 4549.13 provides in part:
 {¶ 14} "Any motor vehicle used by * * * any * * * [police] officer, while said officer is on duty for the exclusive or main purpose of enforcing the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color * * *."
 {¶ 15} R.C. 4549.14 provides:
 {¶ 16} "Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section4549.13 of the Revised Code."
 {¶ 17} Evid.R. 601(C) restates the provisions of R.C.4549.14.
 {¶ 18} It is undisputed that Patrolman Wright was not using a properly marked vehicle or proper uniform. Therefore, the question becomes whether Wright was on duty exclusively or for the main purpose of enforcing traffic laws. At the hearing on appellant's motion to suppress/dismiss, Wright testified on direct examination as follows:
 {¶ 19} "Q. State your name and occupation, please.
 {¶ 20} "A. Patrick Wright, Patrolman, City of East Liverpool Police Department.
 {¶ 21} "Q. And were you a patrolman on the 4th day of October of this year?
 {¶ 22} "A. I was — I'm still a patrolman with the City of East Liverpool, but I was assigned to the Columbiana County Task Force.
 {¶ 23} "* * *
 {¶ 24} "Q. Were you by yourself?
 {¶ 25} "A. No. Troy Walker from the Task Force was also with me.
 {¶ 26} "Q. Okay, And you were on special assignment; is that correct?
 {¶ 27} "A. Correct." (Tr. 4-5.)
 {¶ 28} Patrolman Wright's uncontradicted testimony was that he was assigned to the Columbiana County Task Force at the time of appellant's arrest. Because the focus of the hearing was only on whether there was an articulable suspicion to stop appellant, there is not any other testimony relevant to Patrolman Wright's duties on that day. Nothing in the record establishes that he was on duty for the exclusive or main purpose of enforcing traffic laws. Therefore, we can only conclude that Patrolman Wright was not on duty as contemplated by the statute since, at the time he observed appellant's erratic driving, he was engaged in a pursuit other than enforcement of the traffic laws. In sum, Patrolman Wright was competent to testify under the circumstances of this case.
 {¶ 29} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 30} The judgment of the trial court is hereby affirmed.
Waite, J., concurs
DeGenaro, J., concurs