OPINION
{¶ 1} Defendant-appellant, Martin Bolton, appeals the decision of the Columbiana County Common Pleas Court sentencing him on four counts of sexual battery and designating him a sexual predator.
 {¶ 2} On June 4, 1997, appellant, who was then 41 years of age, was indicted for seven sex offenses against Betty Lou Roberts, who was sixteen on that date. Betty is the daughter of Nancy Bolton and William Roberts. Nancy and appellant were married from 1973 to 1981 and rekindled their relationship in 1991. Pursuant to the indictment, in a bill of particulars and an amended bill of particulars, it was alleged in Count I that in the fall of 1993, appellant committed the offense of felonious sexual penetration by inserting his finger into the vaginal cavity of Betty Lou Roberts and by attempting to penetrate her with his penis. The offense was alleged to have occurred in East Liverpool, Ohio, at the home of the victim's grandmother.
 {¶ 3} The indictment also contained allegations that appellant committed six acts of sexual battery against Betty Lou Roberts. Count II alleged that in the fall of 1994, appellant engaged in vaginal intercourse with Betty Lou Roberts in a trailer located in Rogers, Ohio. Count III alleged that in the summer of 1996, appellant engaged in vaginal intercourse with Betty Lou Roberts in a tent located at Bibbee's Lake Campground in Columbiana County, Ohio. Count IV alleged that in the fall of 1996, appellant engaged in vaginal intercourse with Betty Lou Roberts in an apartment located in Negley, Ohio. Count V alleged that on or about October 14, 1996, Appellant engaged in fellatio with Betty Lou Roberts in the apartment in Negley, Ohio. Count VI alleged that on or about December 5, 1996, appellant engaged in fellatio with Betty Lou Roberts in the apartment in Negley, Ohio. Count VII alleged that on or about April 8, 1997, appellant engaged in vaginal intercourse with Betty Lou Roberts in the apartment in Negley, Ohio.
 {¶ 4} A jury trial commenced on February 23, 1998. The State presented the testimony of Betty Lou Roberts who testified with respect to the circumstances of each charge in the indictment. On February 25, 1998, the jury found appellant guilty on all seven counts in the indictment. Following a pre-sentence investigation, the trial court held a combined hearing on sentencing and to determine appellant's status as a sexual predator. The trial court filed its judgment entry imposing sentence on April 17, 1998. The court sentenced appellant to an indefinite term of imprisonment of ten to twenty-five years on Count I; a definite term of imprisonment of two years on each of Counts II and III and definite terms of imprisonment of five years each on Counts IV, V, VI and VII. The trial court ordered all sentences to be served consecutively. The trial court also adjudicated appellant a sexual predator. On May 7, 1998, appellant filed his notice of appeal. This Court affirmed appellant's conviction in full, including his classification as a sexual predator. State v.Bolton (May 30, 2000), 7th Dist. No. 98-CO-33.
 {¶ 5} On August 18, 2000, appellant filed an application for reopening pursuant to App.R. 26(B). Appellant alleged various deficiencies on the part of his trial counsel that he claimed his appellate counsel had failed to raise. We noted that in our lengthy and detailed opinion of May 30, 2000, we more than adequately addressed all of appellant's concerns. This Court then denied appellant's application for reopening. State v. Bolton
(Feb. 13, 2001), 7th Dist. No. 98-CO-33.
 {¶ 6} On January 10, 2005, appellant, proceeding pro se, filed a motion to set aside or vacate his sentence. Appellant argued that the trial court had failed to make the then requisite findings on the record concerning imposition of nonminimum, maximum, and consecutive sentences contrary to the Ohio Supreme Court's decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473. Appellant also advanced an argument contending that the provisions of the Revised Code relating to nonminimum, maximum, and consecutive sentences (i.e., R.C. 2929.14[B], R.C. 2929.14[C], and R.C. 2929.14[E][4], respectively) were unconstitutional based on the United States Supreme Court's decisions in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 and Apprendi v. NewJersey, (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 7} On February 8, 2005, the trial court granted appellant's motion in part. It vacated his sentences on Counts IV through VII based on Comer and ordered a resentencing hearing. As an aside, it should be noted that effective July 1, 1996, Am.Sub.S.B. No 2, 146 Ohio Laws, Part IV, 7136, amended Ohio's felony sentencing scheme. In this case, Counts I, II, and III were each pre-S.B. 2 offenses. Counts IV, V, VI, and VII were post-S.B. 2 offenses.
 {¶ 8} On March 25, 2005,[1] the trial court conducted the resentencing hearing. The trial court resentenced appellant to five years each for Counts IV, V, VI, and VII. The trial court ordered that the sentences on Counts IV, V, VI, and VII be served concurrently with each other but consecutively with the sentences the court had imposed for Counts I, II, and III.
 {¶ 9} Now, some eight years after appellant's conviction, this second appeal now follows.
 {¶ 10} Appellant's first two assignments can be resolved together. They state, respectively, as follows:
 {¶ 11} "THE COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."
 {¶ 12} "THE COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR COUNTS FOUR THROUGH SEVEN."
 {¶ 13} In this case, appellant was convicted of four counts of sexual battery, a third-degree felony. For third-degree felonies, the sentencing court may impose a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to five years for each of the four counts to be served concurrently. It also ordered them to be served consecutively with the sentences for the pre-S.B. 2 counts. Therefore, appellant's sentence implicates a nonminimum, maximum, and consecutive felony sentence situation.
 {¶ 14} While this appeal was pending, the Ohio Supreme Court held that the provisions of the Revised Code relating to nonminimum (R.C. 2929.14[B]), maximum (R.C. 2929.14[C]), and consecutive sentences (R.C. 2929.14[E][4]) are unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403; and United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)
 {¶ 15} The Court went on to hold that those unconstitutional provisions could be severed. Id., paragraphs two and four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 16} Here, since the trial court's imposition of nonminimum, maximum, and consecutive sentences was based on their respective provisions in the Revised Code (R.C. 2929.14[B], R.C.2929.14[C], and R.C. 2929.14[E][4]), which have been found unconstitutional in Foster, appellant's sentence on Counts IV through VII must be reversed accordingly.
 {¶ 17} After State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the trial court no longer needs to give reasons or findings prior to imposing maximum, consecutive and/or more than minimum sentences. The Court held that:
 {¶ 18} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 19} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 20} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. In Mathis, the Court clarifiedFoster adding:
 {¶ 21} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 22} Accordingly, appellant's first and second assignments of error have merit.
 {¶ 23} Appellant's third assignment of error states:
 {¶ 24} "THE COURT ERRED IN DESIGNATING THE APPELLANT AS A SEXUAL PREDATOR."
 {¶ 25} Appellant sole's argument under this assignment of error is that the trial court erred by redesignating him as a sexual predator in its March 28, 2005 judgment entry of resentence. However, appellant makes no substantive argument as to why he might not qualify as a sexual predator or why any of the sexual predator factors under R.C. 2950.09(B)(2) may not apply to him.
 {¶ 26} Appellant has waived any alleged error with regard to the trial court redesignating him a sexual predator. An appellate court need not consider an error that a party could have called to the trial court's attention but did not. State v. Williams
(1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus.
 {¶ 27} Appellant never raised the issue of his sexual predator designation in his January 10, 2005 motion to set aside or vacate his sentence, or in the subsequent hearing on that motion. The sole genesis of this appeal arises from appellant's motion. The motion was premised on only two bases. First, appellant argued that the trial court had failed to make the then requisite findings on the record concerning imposition of nonminimum, maximum, and consecutive sentences contrary to the Ohio Supreme Court's decision in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. Second, appellant advanced an argument contending that the provisions of the Revised Code relating to nonminimum, maximum, and consecutive sentences (i.e., R.C. 2929.14[B], R.C. 2929.14[C], and R.C. 2929.14[E][4], respectively) were unconstitutional based on the United States Supreme Court's decisions in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 and Apprendi v. NewJersey, (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 28} Absolutely nowhere in his motion does appellant even make a passing reference to his status as a sexual predator. Additionally, a thorough review of the short, eight page transcript of the March 25, 2005 resentencing hearing reveals no mention of appellant's sexual predator status. The resentencing hearing transcript reveals that the hearing was strictly confined to the sentencing issues appellant made in his January 10, 2005 motion to set aside or vacate his sentence.
 {¶ 29} In this case, appellant waived the issue of his sexual predator designation. Having never had the opportunity to reconsider the issue of that designation, it cannot be fair to say now that the trial court erred in ruling on the motion on that basis. State v. King, 7th Dist. No. 05-CO-14,2006-Ohio-894.
 {¶ 30} Additionally, in State v. Bolton (May 30, 2000), 7th Dist. No. 98-CO-33, this Court examined at length the trial court's original designation of appellant as a sexual predator and found that alleged error to be without merit. Therefore, res judicata also applies and prevents him from raising it again in this appeal. State v. Gillard, 78 Ohio St.3d 548, 549,679 N.E.2d 276.
 {¶ 31} Accordingly, appellant's third assignment of error is without merit.
 {¶ 32} The judgment entry of sentence of the trial court with respect to Counts IV through VII is hereby reversed based on our resolution of appellant's first and second assignments of error and this matter remanded for resentencing consistent with Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The balance of the judgment entry is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] The judgment entry of sentence, although dated March 25, 2005, is file-stamped March 28, 2005.