OPINION *Page 2 
{¶ 1} Defendant-appellant, Martin Bolton, appeals the decision of the Columbiana County Common Pleas Court resentencing him on four counts of sexual battery. Appellant argues that since his crimes were committed before the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, application of theFoster decision to his resentencing violates the ex post facto clause of the United States Constitution and violates his right to due process of law.
 {¶ 2} On June 4, 1997, appellant, who was then 41 years of age, was indicted for seven sex offenses against a victim, who was sixteen on that date. The victim is the daughter of Nancy Bolton and William Roberts. Nancy and appellant were married from 1973 to 1981 and rekindled their relationship in 1991. Pursuant to the indictment, in a bill of particulars and an amended bill of particulars, it was alleged in Count I that in the fall of 1993, appellant committed the offense of felonious sexual penetration by inserting his finger into the vaginal cavity of the victim and by attempting to penetrate her with his penis. The offense was alleged to have occurred in East Liverpool, Ohio, at the home of the victim's grandmother.
 {¶ 3} The indictment also contained allegations that appellant committed six acts of sexual battery against the victim. Count II alleged that in the fall of 1994, appellant engaged in vaginal intercourse with the victim in a trailer located in Rogers, Ohio. Count III alleged that in the summer of 1996, appellant engaged in vaginal intercourse with the victim in a tent located at Bibbee's Lake Campground in Columbiana County, Ohio. Count IV alleged that in the fall of 1996, appellant engaged in vaginal intercourse with the victim in an apartment located in Negley, Ohio. Count V alleged that on or about October 14, 1996, appellant engaged in fellatio with the victim in the apartment in Negley, Ohio. Count VI alleged that on or *Page 3 
about December 5, 1996, appellant engaged in fellatio with the victim in the apartment in Negley, Ohio. Count VII alleged that on or about April 8, 1997, appellant engaged in vaginal intercourse with the victim in the apartment in Negley, Ohio.
 {¶ 4} A jury trial commenced on February 23, 1998. The State presented the testimony of the victim who testified with respect to the circumstances of each charge in the indictment. On February 25, 1998, the jury found appellant guilty on all seven counts in the indictment. Following a pre-sentence investigation, the trial court held a combined hearing on sentencing and to determine appellant's status as a sexual predator. The trial court filed its judgment entry imposing sentence on April 17, 1998. The court sentenced appellant to an indefinite term of imprisonment of ten to twenty-five years on Count I; a definite term of imprisonment of two years on each of Counts II and III and definite terms of imprisonment of five years each on Counts IV, V, VI and VII. The trial court ordered all sentences to be served consecutively. The trial court also adjudicated appellant a sexual predator. On May 7, 1998, appellant filed his notice of appeal. This Court affirmed appellant's conviction in full, including his classification as a sexual predator. State v. Bolton (May 30, 2000), 7th Dist. No. 98-CO-33.
 {¶ 5} On August 18, 2000, appellant filed an application for reopening pursuant to App.R. 26(B). Appellant alleged various deficiencies on the part of his trial counsel that he claimed his appellate counsel had failed to raise. We noted that in our lengthy and detailed opinion of May 30, 2000, we more than adequately addressed all of appellant's concerns. This Court then denied appellant's application for reopening.State v. Bolton (Feb. 13, 2001), 7th Dist. No. 98-CO-33.
 {¶ 6} On January 10, 2005, appellant, proceeding pro se, filed a motion to set aside or vacate his sentence. Appellant argued that the trial court had failed to make the then requisite findings on the record concerning imposition of nonminimum, maximum, and consecutive sentences contrary to the Ohio Supreme Court's decision in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. Appellant also advanced an argument contending that the provisions of the *Page 4 
Revised Code relating to nonminimum, maximum, and consecutive sentences (i.e., R.C. 2929.14[B], R.C. 2929.14[C], and R.C. 2929.14[E][4], respectively) were unconstitutional based on the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403 and Apprendi v. New Jersey, (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 7} On February 8, 2005, the trial court granted appellant's motion in part. It vacated his sentences on Counts IV through VII based onComer and ordered a resentencing hearing. As an aside, it should be noted that effective July 1, 1996, Am. Sub. S.B. No 2, 146 Ohio Laws, Part IV, 7136, amended Ohio's felony sentencing scheme. In this case, Counts I, II, and III were each pre-S.B. 2 offenses. Counts IV, V, VI, and VII were post-S.B. 2 offenses.
 {¶ 8} On March 25, 2005[1], the trial court conducted the resentencing hearing. The trial court resentenced appellant to five years each for Counts IV, V, VI, and VII. The trial court ordered that the sentences on Counts IV, V, VI, and VII be served concurrently with each other but consecutively with the sentences the court had imposed for Counts I, II, and III.
 {¶ 9} Some eight years after appellant's conviction, he appealed again. This Court reversed the trial court's judgment entry of sentence with regards to Counts IV through VII and remanded the matter for resentencing pursuant State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. State v. Bolton, 7th Dist. No. 05-CO-24, 2006-Ohio-3634. We affirmed the sexual predator classification. Id.
 {¶ 10} On September 5, 2006, the trial court conducted yet another resentencing hearing. The trial court again resentenced appellant to five years each for Counts IV, V, VI, and VII. The trial court ordered that the sentences on Counts IV, V, VI, and VII be served concurrently with each other but consecutively with the sentences the court had imposed for Counts I, II, and III.
 {¶ 11} Now, nine and half years after appellant's conviction, this Court has allowed this delayed appeal. Appellant's sole assignment of error states: *Page 5 
 {¶ 12} "The trial court erred by sentencing Mr. Bolton to prison based on facts not found by a jury or admitted by Mr. Bolton. (Tr. 5-6; Sept. 5, 2006 Sent. Entry)."
 {¶ 13} Appellant argues that since his crimes were committed before the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, application of the Foster decision to his September 5, 2006 sentencing violates the ex post facto clause of the United States Constitution and violates his right to due process of law. Specifically, he argues that there should have been a presumption of minimum, concurrent sentences at his resentencing.
 {¶ 14} This Court has conclusively determined in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, that application of Foster does not violate the ex post facto clause or a defendant's due process of law.Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily two-fold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced before Foster is the same as they face after Foster.
 {¶ 15} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 16} The judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, P.J., concurs.
[1] The judgment entry of sentence, although dated March 25, 2005, is file-stamped March 28, 2005. *Page 1