OPINION
{¶ 1} Defendant-appellant, Atropin Palmer, appeals from a Jefferson County Common Pleas Court judgment sentencing him on aggravated burglary and escape convictions.
 {¶ 2} This case was previously before this court on direct appeal from appellant's convictions, State v. Palmer, 7th Dist. No. 04-JE-41,2006-Ohio-749, and on post-conviction, State v. Palmer, 7th Dist. No. 05-JE-47, 2006-Ohio-4606.
 {¶ 3} In his direct appeal, this court affirmed appellant's convictions but reversed his sentences and remanded the case for resentencing. The trial court had sentenced appellant to six years for aggravated burglary and four years for escape, to be served consecutively. We found that the court erred in failing to make the then-necessary statutory findings to sentence appellant to consecutive sentences. We issued our decision on February 17, 2006, ten days before the Ohio Supreme Court issued its decision in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856.
 {¶ 4} Pursuant to our remand, the trial court held another sentencing hearing on April 10, 2006. The court and counsel were aware that appellant's sentence was now to conform with Foster. The court again sentenced appellant to six years for aggravated burglary and four years for escape, to be served consecutively.
 {¶ 5} Appellant filed a timely notice of appeal on May 1, 2006.
 {¶ 6} Appellant's counsel in this matter has filed a no merit brief pursuant to State v. Toney (1970), 23 Ohio App.2d 203, 262 N.E.2d 419, and asked to withdraw as counsel. Appellant also filed a pro se brief on his own behalf raising seven assignments of error. We will first address the Toney issue and then address appellant's assignments of error.
 {¶ 7} In Toney, this court set forth in its syllabus the procedure to be used when counsel of record determines that an indigent appellant's appeal is frivolous:
 {¶ 8} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he *Page 2 
should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 9} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 10} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 11} "* * *
 {¶ 12} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
 {¶ 13} Given that we remanded this case solely for resentencing, the new sentencing hearing is the only aspect of this case that we need examine. The sentencing hearing took place on April 10, 2006. Because the Ohio Supreme Court decided Foster, 109 Ohio St.3d 1, after we remanded the case, the trial court was to comply with Foster's mandates and not the portions of Ohio's sentencing scheme that Foster held unconstitutional, upon which we had originally based our decision.
 {¶ 14} In Foster, the court concluded, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. The Court further instructed: "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105. Thus, we should review the trial court's sentence for an abuse of discretion. Abuse of discretion is more than a mere error of judgment; it is conduct that is arbitrary, capricious, unreasonable, or unconscionable. State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894. *Page 3 
 {¶ 15} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1,2006-Ohio-855. In Mathis, the Court clarified Foster adding:
 {¶ 16} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 17} Appellant was convicted of aggravated burglary, a first-degree felony, and escape, a second-degree felony. The prison terms for a first degree felony are three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The prison terms for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2).
 {¶ 18} In resentencing appellant, the trial court considered the overriding principles and purposes of felony sentencing as set out in 2929.11(A), which are to protect the public from future crime by the offender and others and to punish the offender. R.C. (Tr. 23). It also considered the need for incapacitation, deterrence, rehabilitation, and imposing a sentence that is commensurate with the offense in accordance with R.C. 2929.11(B). (Tr. 23).
 {¶ 19} The court next considered the factors that made the offense more serious than conduct normally constituting the offense in accordance with R.C. 2929.12(B). Those factors are:
 {¶ 20} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 21} "(2) The victim of the offense suffered serious physical, psychological, *Page 4 
or economic harm as a result of the offense.
 {¶ 22} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 23} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 24} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 25} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 26} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 27} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 28} "(9) If the offense is * * * [domestic violence or some type of assault involving a family or household member], the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children." R.C. 2929.12(B).
 {¶ 29} Additionally, the court may consider any other relevant factors that indicate that the offender's conduct was more serious than conduct normally constituting the offense. R.C. 2929.12(B).
 {¶ 30} The court noted that it recalled the testimony and exhibits introduced at trial. (Tr. 23). It then stated that it found two factors which made the offense more serious: (1) the serious physical harm caused to the victim, Amber Hood; and (2) the fact that Hood had gotten away from appellant and sought refuge in Michael Merritt's house and appellant followed her into the house. (Tr. 23-24).
 {¶ 31} The court stated that it found that none of the factors set out in R.C. 2929.12(C) applied, which would have indicated that appellant's conduct was less serious than conduct normally constituting the offense. (Tr. 24). *Page 5 
 {¶ 32} Next, the court evaluated the recidivism factors in accordance with R.C. 2929.12(D). The factors indicating that the offender is likely to commit future crimes are:
 {¶ 33} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
of the Revised Code.
 {¶ 34} "(2) The offender previously was adjudicated a delinquent child * * *, or the offender has a history of criminal convictions.
 {¶ 35} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 36} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 37} "(5) The offender shows no genuine remorse for the offense." R.C. 2929.12(D).
 {¶ 38} The court found that appellant has a criminal history. (Tr. 24). It also found that although appellant was remorseful about getting into this situation, he had not shown any remorse about the fact that harm was caused or shown any remorse regarding his escape. (Tr. 24).
 {¶ 39} Finally, the court found that none of the factors indicating appellant is not likely to engage in future crimes applied. (Tr. 24).
 {¶ 40} These factors the court considered are merely "general guidance" factors and were not affected by Foster. As the Ohio Supreme Court observed, *Page 6 
"there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors."Foster, 109 Ohio St.3d at ¶ 42.
 {¶ 41} After reviewing all of the above factors, the trial court noted that R.C. 2992.13(D) provided a presumption in favor of a prison term, which appellant did not rebut. (Tr. 25). R.C. 2929.13(D) states that a prison term is presumed necessary for first-degree and second-degree felonies. Appellant's aggravated burglary conviction was a first-degree felony while his escape conviction was a second-degree felony.
 {¶ 42} It is clear that the trial court did not abuse its discretion in sentencing appellant to six-year and four-year prison terms, to be served consecutively. The sentences are within the statutory ranges and the court gave ample reasoning to support its sentences. Thus, based on a thorough review of the record there is no error worthy of merit. Therefore, counsel's motion to withdraw is sustained.
 {¶ 43} Next, we must move on to address appellant's pro se assignments of error. His first assignment of error states:
 {¶ 44} "THE TRIAL COURT ERROR [sic] WHEN IT SENTENCE [sic] THE DEFENDANT-APPELLANT TO MORE-THAN-THE MINMUM [sic] CONCURRENT PRISON TERM [sic] IN VIOLATION OF FELONY SENTENCE STATUSE [sic]"
 {¶ 45} Appellant argues that the trial court erred in failing to make the statutory findings required to sentence him to more-than-the-minimum, consecutive sentences. In making this argument, appellant relies on R.C. 2929.14(B)(C) and (E)(4) State v. Comer,99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165, and State v.Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
 {¶ 46} R.C. 2929.14(B)(C) and (E)(4) were expressly held to be unconstitutional in Foster, 109 Ohio St.3d 1. "Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." Id. at paragraph one of the syllabus. "Because R.C. 2929.14(E)(4) and2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of *Page 7 
consecutive sentences, they are unconstitutional." Id. at paragraph three of the syllabus. We cannot apply a statute that the Ohio Supreme Court has found to be unconstitutional. Furthermore, Comer andEdmonson were abrogated by Foster. Accordingly, appellant's first assignment of error is without merit.
 {¶ 47} Appellant's second assignment of error states:
 {¶ 48} "MR. ATROPIN PALMER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FAILE [sic] TO OBJECTED [sic] TO THE USE OF INCORRECTED [sic] FACTS AT THE RE-SENTENCING HEARIN [sic] WHICH PREJUDICES THE DEFENSE."
 {¶ 49} Here appellant argues that his counsel was ineffective at his resentencing hearing. He argues that counsel failed to research the facts of the case, which resulted in appellant being punished for a crime he did not commit. He also contends that his attorney should have argued that his crime was not the "worst form of the offense."
 {¶ 50} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different.Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 51} Appellant bears the burden of proof on the issue of counsel's effectiveness. State v. Calhoun (1999), 86 Ohio St.3d 279, 289,714 N.E.2d 905. In Ohio, a licensed attorney is presumed competent. Id.
 {¶ 52} First, appellant's counsel was not ineffective for failing to argue that appellant's crime was not the worst form of the offense. The language "worst form of *Page 8 
the offense" comes from the unconstitutional R.C. 2929.14(C), dealing with maximum sentences. As stated above, the Ohio Supreme Court has held R.C. 2929.14(C) to be unconstitutional. Furthermore, the trial court did not sentence appellant to the maximum prison term on either count. Therefore, appellant's counsel could not have been ineffective for failing to make an argument under an unconstitutional statute.
 {¶ 53} Second, appellant's counsel made several arguments at the sentencing hearing in an attempt to keep appellant's sentence low. He argued that, in light of Foster, the trial court could not now sentence appellant to consecutive sentences. (Tr. 8-9). He also argued that before this crime, appellant was employed. (Tr. 10). And counsel argued the facts of the case. He asserted that this was a case of a simple argument that was blown out of proportion. (Tr. 10-11). And he argued that the facts demonstrated that appellant had no intent to burglarize Merritt's home. (Tr. 10).
 {¶ 54} These arguments by counsel demonstrated that he was prepared and knew the facts of the case. Counsel made several different arguments in an attempt to persuade the court to give appellant a lighter sentence. The fact that the court ultimately sentenced appellant to the same sentence it had originally, does not make appellant's counsel ineffective.
 {¶ 55} Accordingly, appellant's second assignment of error is without merit.
 {¶ 56} Appellant's third and fourth assignments of error share a common basis in law and, therefore, we will address them together. They state:
 {¶ 57} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM-CONCURRENT PRISON TERMS IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTION[S]."
 {¶ 58} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM CONCURRENT PRISON TERMS IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE *Page 9 
PROCESS."
 {¶ 59} Appellant argues that he had a presumption of minimum, concurrent sentences. He claims that by applying the remedy set out inFoster, the trial court took away the presumption of minimum, concurrent sentences. Appellant argues that judicial severance of parts of R.C.2929.14 violates the ex post facto clause of the United States Constitution and violates his right to due process of law.
 {¶ 60} Several other appellate districts have recently addressed, and rejected, this argument for various reasons.
 {¶ 61} In a Second District case, the appellant argued thatFoster's retroactive application would violate his right to due process and the ex post facto clause. State v. Moffo, 2d Dist. No. 2005-CA-131,2006-Ohio-5764. He further asserted that he was required to be sentenced to minimum, concurrent prison terms. In response to this argument, the court held:
 {¶ 62} "As an Ohio court inferior to the Supreme Court of Ohio, we are required to follow the supreme court's mandates, and we lack the jurisdictional power to declare a mandate of the Supreme Court of Ohio to be unconstitutional. State v. Durbin, Greene App. No. 2005-CA-134,2006-Ohio-5125, at ¶ 42. Accordingly, Moffo's argument that the mandate of the supreme court in Foster violates the United States Constitution is not cognizable in this court." Id. at ¶ 26.
 {¶ 63} In an earlier case, the Second District elaborated further. InState v. Smith, 2d Dist. No. 21004, 2006-Ohio-4405, the court stated that even if it was not bound by the Foster mandate, it did not believe that the Foster holding operated as an ex post facto law. It relied on a Seventh Circuit Court of Appeals decision in reaching its conclusion:
 {¶ 64} "The federal appellate courts have addressed the ex post facto argument in relation to the United States Supreme Court's decision inUnited States v. Booker (2005), 543 U.S. 220, which held that the federal statutory sentencing guidelines were unconstitutional if mandatorily applied, and remedied the situation by making the guidelines advisory. *Page 10 
 {¶ 65} "* * * [W]e find the Seventh Circuit's rationale [as set out inUnited States v. Jamison (C.A. 7, 2005), 416 F.3d 538, 539] applicable to Smith's situation in light of the Ohio Supreme Court's decision inState v. Foster. Smith knew that his actions constituted a crime when he shot Dansby. The Ohio Supreme Court's decision to sever the provisions of the Ohio sentencing statutes in Foster affects Smith's punishment, not whether his actions constituted a criminal act. The statutory range of punishment Smith faced before the decision in Foster was between one and five years, and after Foster, Smith still faces between one and five years when his case is remanded for resentencing. Just as inJamison, Smith was aware of the possible sentence he faced when committing the crime of felonious assault, and therefore, we conclude that the Ohio Supreme Court's decision in Foster does not violate the ex post facto clause." Id. at ¶ 33-34.
 {¶ 66} The Twelfth District followed the Second District's analysis inState v. Doyle, 12th Dist. No. CA2005-11-202, 2006-Ohio-5373. It reasoned:
 {¶ 67} "The same rationale applies here. Appellant knew his action constituted a crime when he received the stolen semi truck. The statutory range of punishment appellant faced before the decision inFoster was between six and 18 months, and after Foster, appellant still faces between six and 18 months when his case is remanded for resentencing. Appellant was aware of the possible sentence he faced when committing the crime of receiving stolen property. We therefore find that Foster does not violate the ex post facto and due process clauses." Id. at ¶ 50.
 {¶ 68} The Ninth District has also addressed the issue. In State v.Newman, 9th Dist. No. 23038, 2006-Ohio-4082, the appellant argued thatFoster's remedy violates the ex post facto and due process clauses of the U.S. Constitution because it effectively increases the presumptive sentences for first-time offenders and exposes those convicted of fourth and fifth degree felonies to the statutory maximum. The court, rejecting this argument, held:
 {¶ 69} "We are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by Foster. Furthermore, we are confident that the Supreme *Page 11 
Court would not direct us to violate the Constitution. See U.S. v.Wade (C.A.8, 2006), 435 F .3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the U.S. Supreme Court and presuming that the U.S. Supreme Court would not order a court to violate the Constitution). As this Court cannot overrule or modifyFoster, we decline to consider Appellant's challenges thereto. Appellant will have the opportunity to present these arguments to the Supreme Court if he chooses to appeal from this decision." Id. at ¶ 11.
 {¶ 70} And the Third District addressed the issue in State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162. In finding the appellant's ex post facto and due process arguments unpersuasive, the court stated:
 {¶ 71} "Because McGhee knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because McGhee was unlikely to amend his criminal behavior in light of a sentencing change, we cannot find the Ohio Supreme Court's holding inFoster violates federal notions of due process as established inBouie [v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894,] and Rogers [v. Tennessee (2001), 532 U.S. 451, 121 S.Ct.1693,149 L.Ed.2d 697]." Id. at ¶ 20.
 {¶ 72} The court also went on to analyze whether Foster created a substantially retroactive law as to violate the Ohio Constitution. It found that Foster's holding does not affect a vested right or an accrued substantive right. Id. at ¶ 23. As to a vested right, it reasoned that although under Senate Bill 2's sentencing scheme a defendant was entitled to a presumption of the lowest prison term available, this was only a presumption, not a guarantee. Id. at ¶ 24. As to an accrued substantial right, the court found that defendants are not entitled to enforce or protest specific sentences prior to sentencing as would be required of an accrued substantial right. Id. at ¶ 25.
 {¶ 73} For all of these reasons, the Third District concluded thatFoster does not violate Ohio or United States Constitutions.
 {¶ 74} Finally, this court has also reiterated that we cannot overturn Ohio *Page 12 
Supreme Court holdings and are bound by those holdings. State v.Mills, 7th Dist. No. 06-BE-14, 2006-Ohio-7077, at ¶ 26. Although we were not faced with a case where an appellant raised an ex post facto issue that was ripe for review, as we are here, we nonetheless stated, "we could not find that the remedy announced by the Foster Court was violative of separation of powers or ex post facto clauses." Id. And we noted that the Ohio Supreme Court denied a reconsideration motion inFoster, which urged that the Foster holding was violative of the ex post facto clause. Id., citing State v. Foster, 109 Ohio St.3d 1408,2006-Ohio-1703. Thus, the Court seems to have implicitly found no merit with the argument that the Foster remedy violates the ex post facto clause.
 {¶ 75} Given the above reasoning, we conclude that Foster does not violate appellant's due process rights or the ex post facto clause.
 {¶ 76} Accordingly, appellant's third and fourth assignments of error are without merit.
 {¶ 77} Appellant's fifth assignment of error states:
 {¶ 78} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE THAN-THE-MINIMUM-CONCURRENT PRISON TERMS BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDER FOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINCIPLE OF SEPARATION OF POWERS."
 {¶ 79} Here appellant argues that the Ohio Supreme Court erred in fashioning its remedy in Foster because it violates the principle of separation of powers. He contends that the Court stepped on the feet of the Legislature by enacting a new sentencing law when it severed portions of the sentencing law passed by the Legislature.
 {¶ 80} The Court had the authority to sever portions of the sentencing statutes that were unconstitutional. R.C. 1.50 addresses severance:
 {¶ 81} "If any provision of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect *Page 13 
other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable."
 {¶ 82} Thus, the Legislature itself anticipated that an unconstitutional portion of a statute could be severed from the remainder of the statute. Accordingly, appellant's fifth assignment of error is without merit.
 {¶ 83} Appellant's sixth assignment of error states:
 {¶ 84} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM-CONCURRENT PRISON TERMS CONTRARY TO THE RULE OF LENITY DICTATED A LESSER PENALTY [sic.]"
 {¶ 85} Appellant argues that the rule of lenity dictates that the Ohio Supreme Court should have interpreted the sentencing statutes so as to keep sentences to a minimum.
 {¶ 86} The "rule of lenity" was originally a common law rule of statutory construction, which has now been codified in R.C. 2901.04(A).State v. Best, 7th Dist. No. 04-MA-203, 2005-Ohio-4375, at ¶ 44. It provides:
 {¶ 87} "Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).
 {¶ 88} The Third District recently addressed the identical argument appellant raises here. In State v. Corbin, 3d Dist. No. 1-06-23,2006-Ohio-6092, at ¶ 13, the court reasoned:
 {¶ 89} "While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states. United States v. Johnson (2000), 529 U.S. 53, 59,120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997),520 U.S. 259, 266, 117 S.Ct. 1219 137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio *Page 14 
St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework were unconstitutional and void in State v. Foster, supra. Therefore, the rule of lenity has no bearing on the present case because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes."
 {¶ 90} Based on the reasoning of our sister district, appellant's sixth assignment of error is without merit.
 {¶ 91} Appellant's seventh assignment of error states:
 {¶ 92} "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM-CONCURRENT PRISON TERMS CONTRARY TO THE INTENT OF THE OHIO LEGISTLATORS."
 {¶ 93} Appellant argues the Ohio Supreme Court's remedy inFoster detracts from the goals of consistency and proportionality of Senate Bill 2. He contends that we must ignore the Court's severance remedy and simply impose minimum, concurrent sentences for him.
 {¶ 94} We are not free to disregard the Ohio Supreme Court's clear mandate. Mills, 7th Dist. No. 06-BE-14, at ¶ 26. In Foster, the Court ordered that those cases pending on direct review, in which the sentences were based on the severed, unconstitutional statutory sections, must be remanded to trial courts for new sentencing hearings.Foster, 109 Ohio St.3d at ¶ 104. Thus, we cannot simply ignore the Court's severance remedy and impose a minimum, concurrent sentence as appellant wishes. Accordingly, appellant's seventh assignment of error is without merit.
 {¶ 95} For the reasons stated above, counsel's motion to withdraw is hereby *Page 15 
sustained and the trial court's judgment is affirmed.
Waite, J., concurs.
DeGenaro, J., concurs In judgment only. *Page 1