OPINION *Page 2 
{¶ 1} Defendant-appellant Donald Tucker appeals from his sentence entered in the Mahoning County Common Pleas Court. The issue in this appeal is whether the sentence violated State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. As it did, the sentence is hereby vacated and the cause is remanded for resentencing.
 STATEMENT OF CASE {¶ 2} On December 4, 2003, Tucker was indicted on one count of burglary, a violation of R.C. 2911.12(A)(1)(C), a second degree felony. Tucker entered a not guilty plea. Tucker was released on bond. On June 16, 2004, pursuant to a plea agreement, the state amended the charge from a second degree burglary felony to a third degree burglary felony; the charge was changed from R.C. 2911.12(A)(1)(C) to R.C.2911.12(A)(3)(C). Tucker withdrew his not guilty plea and entered a guilty plea. Sentencing was set for August 19, 2004. Tucker did not show up for the sentencing hearing. A warrant was then issued for his arrest. Tucker was rearrested one year later.
 {¶ 3} Sentencing occurred on December 27, 2005. Tucker was sentenced to a maximum prison term of five years. At sentencing, nonminimum and maximum sentence findings were made. Tucker timely appeals from that sentence.
 ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM AND MAXIMUM PRISON SENTENCE, ON THE BASIS OF FINDINGS MADE BY THE TRIAL COURT, AND WHICH WERE BASED ON AN UNCONSTITUTIONAL STATUTORY FELONY SENTENCING SCHEME. SIXTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION,BLAKELY V. WASHINGTON (2004), 542 U.S. 296; STATE V. FOSTER, 109 OHIO ST.3D 1, 2006-OHIO-856. (DECEMBER 27, 2005, SENTENCING TRANSCRIPT AT 26-27; DECEMBER 28, 2005 SENTENCING ENTRY AT 2).
 {¶ 5} The argument made under this assignment of error is based upon the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In *Page 3 Foster, the Ohio Supreme Court held that the provision of the Revised Code relating to nonminimum (R.C 2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive (R.C. 2929.14(E)(4)) sentences are unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. The Court then went on to hold that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 6} Thus, the implication of Foster is that trial courts are no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences. It has full discretion to impose a sentence within the statutory range. Id. at ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the case remanded to the trial court for a new sentencing hearing in order for the sentence to comport with Foster. Id. at ¶ 104. Once this is ordered, a defendant, while entitled to a new sentencing hearing, may choose to waive the hearing, and have the sentencing court act on the record before it. Id. at ¶ 105.
 {¶ 7} The Ohio Supreme Court explained:
 {¶ 8} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 9} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence *Page 4 
within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties. United States v. DiFrancesco (1980), 449 U.S. 117." Id. at ¶ 104-105.
 {¶ 10} In the instant case, the sentencing occurred prior to the Ohio Supreme Court's release of Foster. The trial court sentenced Tucker to five years for the third degree burglary conviction. Five years is a maximum sentence for a third degree felony. R.C. 2929.14(A)(3). In ordering the five year sentence, the trial court made both nonminimum and maximum sentencing findings in accordance with R.C. 2929.19(B) and (C). As explained above, Foster had rendered those sections unconstitutional. Thus, pursuant to the mandates of Foster, we must vacate the sentence and remand for resentencing.
 {¶ 11} Tucker argues that this court should inform the trial court that upon remand it can only sentence him to the minimum term allowed by law, one year for a third degree felony. He contends that allowing the court to order any other sentence violates the ex post facto clause of the United States Constitution and violates his right to due process of law.
 {¶ 12} This court has previously addressed and rejected this argument. Tucker has not yet been resentenced, thus his argument is not ripe for review. State v. Stroud, 7th Dist. No. 05MA179, 2006-Ohio-7079, ¶ 16-20. As we explained in Stroud, an ex post facto and due process argument is not ripe for review until after resentencing.
 {¶ 13} Moreover, this court has determined that even after resentencing the ex post facto and due process argument still fails.State v. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 60-75. InPalmer, we explained that as an inferior court, we lack authority to hold that Foster violates the ex post facto clause of the United States Constitution. Id. at ¶ 62. Furthermore, we reasoned, like our sister districts, that Foster did not enlarge the amount of time a defendant could receive for committing the crime. Id. at ¶ 65-66. That is, the potential range of the sentence facing the defendant is exactly the same post-Foster as it was pre-Foster. Thus, we concluded thatFoster *Page 5 
neither violated the prohibition against ex post facto laws nor did it violate an appellant's due process rights.
 {¶ 14} In conclusion, pursuant to Foster, appellant's sentence is vacated and the cause is remanded to the trial court for resentencing. At resentencing, the trial court is permitted to sentence Tucker in accordance with the applicable range of sentences for a third degree felony: one, two, three, four, or five years. R.C. 2929.14(A)(3).
 DeGenaro, P.J., concurs. Donofrio, J., concurs. *Page 1