OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Carlton West, appeals the decision of the Jefferson County Court of Common Pleas that sentenced him to the maximum possible sentence after the case was remanded to the trial court for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. West contends that sentencing him under Foster violates due process and the prohibition against ex post facto laws. We recently rejected this same argument in State v.Palmer, 7th Dist. No. 06 JE 20, 2007-Ohio-1572. Accordingly, West's arguments are meritless and the trial court's decision is affirmed.
 {¶ 2} On August 30, 2005, West was sentenced by the Jefferson County Court of Common Pleas for one count of rape. His conviction stemmed from an assault that occurred on June 28, 2004. West appealed that decision to this court. In a decision styled, State v. West, 7th Dist. No. 05 JE 41, 2006-Ohio-3096, this court affirmed West's conviction, but vacated his sentence and remanded the case for a new sentencing hearing pursuant to Foster. Id. at ¶ 39.
 {¶ 3} The trial court resentenced West on July 6, 2006, imposing the same maximum sentence. West asked for leave to file a delayed appeal from this decision on February 13, 2007, and we granted that request on April 26, 2007.
 {¶ 4} West argues the following assignment of error on appeal:
 {¶ 5} "The trial court denied Mr. West due process of law, by sentencing him to a maximum term of imprisonment, in violation of the ex post facto doctrine. Fifth and Fourteenth Amendments, Article I, SectionX, United States Constitution."
 {¶ 6} According to West, the Ohio Supreme Court's decision inFoster means that he is now open to greater punishment than he was before that decision. However, our recent decision in Palmer rejected these same arguments. We concluded that resentencing underFoster "does not violate appellant's due process rights or the ex post facto clause." Id. at ¶ 76. We gave many reasons for this conclusion, including the fact that the Ohio Supreme Court mandated this result and that Foster affects the punishment imposed on an offender, not the crime he committed. Id. at ¶ 61-73. Since West's *Page 2 
arguments are the same as the arguments we rejected in Palmer, we will follow our prior decision and conclude that the trial court did not violate West's rights under the Due Process and Ex Post Facto Clauses when resentencing him pursuant to Foster. Accordingly, West's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1