OPINION *Page 2 
{¶ 1} Defendant-appellant Michael Kapsouris appeals the decision of the Mahoning County Common Pleas Court sentencing him to consecutive sentences of ten years for aggravated robbery and three years for felonious assault. Two issues are raised in this case. The first is whether State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates the prohibition against ex post facto laws. The second issue is whether after Foster, is a trial court authorized to sentence an offender to consecutive sentences. For the reason expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} This appeal is related to the prior appeals State v.Kapsouris, 7th Dist. No. 02CA230, 2004-Ohio-5119 (Kapsouris I);State v. Kapsouris, 7th Dist. No. 02CA230, 2005-Ohio-4476 (KapsourisII); and State v. Kapsouris, 7th Dist. No. 06MA47, 2006-Ohio-7056
(Kapsouris III).
 {¶ 3} In October 2002, Kapsouris was found guilty of aggravated robbery, a violation of R.C. 2911.01; and felonious assault, a violation of R.C. 2903.11. He was sentenced to ten years for the aggravated robbery and three years for the felonious assault. The sentences were ordered to be served consecutively.
 {¶ 4} Kapsouris appealed the conviction and sentence in KapsourisI. This court affirmed the conviction. The only issue Kapsouris raised as to the sentence was the trial court's imposition of more than the minimum sentence for felonious assault; he did not attack the imposition of the maximum sentence for aggravated robbery and did not attack the imposition of consecutive sentences. Thus, we reviewed only the non-maximum, non-minimum sentence and found that it did not violate Ohio felony sentencing statutes.
 {¶ 5} Following Kapsouris I, he sought to reopen the appeal which we granted (Kapsouris II). In Kapsouris II, he attacked the trial court's imposition of consecutive sentences; he argued that the trial court failed to make findings in accordance with R.C. 2929.14(E)(4). We found merit with the argument, vacated the sentence and remanded the case for resentencing.
 {¶ 6} Resentencing occurred on February 2, 2006, which was prior to the Ohio Supreme Court's decision in Foster. At that time, Kapsouris argued that Ohio's felony *Page 3 
sentencing statutes were unconstitutional because they violated theSixth Amendment, i.e. Blakely, Booker, and Foster arguments. The sentencing journal entry was filed on March 2, 2006, after theFoster decision was rendered. In that entry, the trial court resentenced Kapsouris to the same sentence as before — ten years for the aggravated robbery and three years for felonious assault to be served consecutive to each other. That entry was written as a pre-Foster decision, citing liberally to statutory sections that were deemed unconstitutional underFoster. Kapsouris appealed the sentence (Kapsouris III).
 {¶ 7} In Kapsouris III, he argued that his sentence was based on facts that were found by the trial judge and not by the jury. Thus, he contended that this violated his United States ConstitutionSixth Amendment rights. We agreed and cited to Foster, which rendered portions of Ohio's felony sentencing statutes unconstitutional on the basis that they violated the Sixth Amendment. Thus, in accordance withFoster, we vacated the sentence and remanded the cause for resentencing. In doing so, we noted that in Kapsouris' reply brief, he set forth arguments regarding ex post facto and due process issues. We indicated that those issues would not be ripe for review until resentencing underFoster had occurred.
 {¶ 8} In accordance with Kapsouris III, the trial court resentenced him on March 9, 2007. The trial court once again issued the same sentence — ten years for aggravated robbery and three years for felonious assault to be served consecutive to each other. Prior to sentencing, Kapsouris, through his own pro se motion and motion of his counsel, argued that Foster violates the prohibition against ex post facto laws and violates his due process rights. The trial court found no merit with those arguments. Kapsouris now appeals from that sentence.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "THE RESENTENCING COURT ERRED BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V.WASHINGTON (2004), *Page 4 542 U.S. 296; UNITED SATES V. BOOKER (2005), 543 U.S. 220. (MAY 21, 2007 JUDGMENT ENTRY; APRIL 9, 2007 RESENTENCING HEARING TRANSCRIPT, PP. 7-10)."
 {¶ 10} Under this assignment of error, Kapsouris asserts thatFoster violates the prohibition against ex post facto laws and violates due process. In making this argument, Kapsouris acknowledges that this court has already ruled on the issue in State v. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572. However, he contends that he makes "this argument in good faith and asks this Court to overrule Palmer, as well as to preserve the issue for further review."
 {¶ 11} In Palmer, we found the arguments that Foster violates due process and the prohibition against ex post facto laws to be meritless. Id. at ¶ 75. See also, State v. Harris, 7th Dist. No. 06JE36,2007-Ohio-3173, ¶ 15-21; State v. Balwanz, 7th Dist. No. 07BE20,2007-Ohio-504, ¶ 9-19. In doing so, we cited to several cases from other Ohio Appellate Districts and explained that the Supreme Court's severance of the unconstitutional sections of the statute did not affect the range of punishment an offender would face; the offender would still be subject to the range set forth in R.C. 2929.14(A). Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 65, 67, 71. Thus, Foster did not judicially increase the range of punishment and thus was not a judicial enlargement which would violate the prohibition against ex post facto laws. State v. Mallette, 8th Dist. No. 87984, 2007-Ohio-715, ¶ 47;State v. Hawkins, 7th Dist. No. 07JE14, 2008-Ohio-. Furthermore, we explained that the presumptions of minimum or concurrent sentences, which were excised from the felony sentencing statutes, were only presumptions and not guarantees. Palmer, 7th Dist. No. 06JE20,2007-Ohio-1572, ¶ 72. Hawkins, 7th Dist. No. 07JE14, 2008-Ohio-. Thus, there was no ex post facto violation. We also reasoned that there is a basic rationale that we must follow the mandates of the Ohio Supreme Court and that we lack the authority to declare such a mandate unconstitutional. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 69;Harris, 7th Dist. No. 06JE36, 2007-Ohio-3173, ¶ 16. Lastly, we rationalized that the Ohio Supreme Court denied a reconsideration motion in Foster that urged the Court to find that Foster violated the ex post facto clause and, as such, it seemed to have implicitly found no merit with the argument. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 74. *Page 5 
 {¶ 12} Kapsouris presents this court with no new arguments that it has not already considered. Thus, as this court has continually done, we find no merit with the ex post facto/due process arguments and once again reaffirm our holding in Palmer. State v. Balwanz, 7th Dist. No. 07BE20, 2007-Ohio-5041, ¶ 16-19 (reaffirming our holding inPalmer). This assignment of error is meritless.
 SECOND ASSIGNMENT OF ERROR {¶ 13} "THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES. (MAY 21, 2007 JUDGMENT ENTRY; APRIL 9, 2007 RESENTENCING HEARING TRANSCRIPT, PP. 7-10)."
 {¶ 14} Kapsouris argues that due to the Ohio Supreme Court's severance of R.C. 2929.14(E)(4), the statutory section on imposition of consecutive sentences, trial court's no longer have the authority to sentence offenders to consecutive sentences.
 {¶ 15} As with the first assignment of error, we have already addressed this type of argument on appeal. We have explained that "the common law vests trial courts with the authority to impose consecutive sentences without a statute to the contrary." State v. Hogan, 7th Dist. No. 06MA152, 2007-Ohio-3334, ¶ 15.
 {¶ 16} Moreover, the Ohio Supreme Court in Foster made it clear that following the severance of the unconstitutional portions of the sentencing statutes, including R.C. 2929.14(E)(4), trial courts are still permitted to issue consecutive sentences. It specifically stated, "If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively."Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 105. Therefore, this assignment of error lacks merit.
 {¶ 17} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1