OPINION *Page 2 
{¶ 1} Defendant-appellant Leslie Long appeals the decision of the Belmont County Common Pleas Court sentencing her to nine years for attempted murder. The issues raised in this appeal are whether State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates due process and operates as an ex post facto law and whether the trial court had the authority to sentence Long to more than the minimum sentence. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} This appeal is related to State v. Long, 7th Dist. No. 05BE32,2007-Ohio-966 (Long I). On March 2, 2005, Long was indicted on one count of attempted murder, a violation of R.C. 2923.02(A), a first degree felony. Long entered into a plea agreement in which the state and Long agreed to at least a minimum sentence of eight years. The plea agreement noted that Long would be requesting an eight year sentence, while the state would be requesting a ten year sentence. As a result of the agreement, Long entered a guilty plea. The trial court accepted the plea and found her guilty. On August 26, 2005, Long received a nine year sentence for the conviction.
 {¶ 3} She appealed that sentence in Long I. She argued that her sentence violated Foster because the trial court made judicial fact findings in accordance with R.C. 2929.14(B). This court agreed and remanded the case for resentencing pursuant to Foster. It is additionally noted that in Long I, Long argued that the application ofFoster would violate her due process rights and the prohibition against ex post facto laws.
 {¶ 4} Long was resentenced on April 30, 2007; she once again received nine years. During the sentencing hearing, Long once more argued that applying Foster to her would violate her due process rights and the prohibition against ex post facto laws. Long appeals from the sentence.
 FIRST ASSIGNMENT OF ERROR *Page 3 {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON (2004), 542 U.S. 296;UNITED STATES V. BOOKER (2005), 543 U.S. 220. APRIL 30, 2007, JUDGMENT ENTRY.
 SECOND ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MS. LONG DUE PROCESS OF LAW BY IMPOSING A NON-MINIMUM SENTENCE. FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. APRIL 30, 2007, JUDGMENT ENTRY."
 {¶ 7} These assignments of error are addressed simultaneously since their arguments are related. Long asserts that Foster violates the prohibition against ex post facto laws and violates due process.
 {¶ 8} This court has already held that Foster neither violates due process or the prohibition against ex post facto laws. State v.Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572. See, also, State v.Harris, 7th Dist. No. 06JE36, 2007-Ohio-3173, ¶ 15-21; State v.Balwanz, 7th Dist. No. 07BE20, 2007-Ohio-5041, ¶ 9-19. InPalmer, citing to other districts, we reasoned that the Supreme Court's severance of the unconstitutional sections of the statute did not affect the range of punishment an offender would face; the offender would still be subject to the range set forth in R.C. 2929.14(A). Id. at ¶ 65, 67, 71. Thus, Foster did not judicially increase the range of punishment and thus was not a judicial enlargement which would violate the prohibition against ex post facto laws. State v. Mallette, 8th Dist. No. 87984,2007-Ohio-715, ¶ 47; State v. Hawkins, 7th Dist. No. 07JE14, 2008-Ohio-___. Furthermore, we explained the presumptions of minimum or concurrent sentences, which were excised from the felony sentencing statutes, were only presumptions and not guarantees. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 72. Hawkins, 7th Dist. No. 07JE14, 2008-Ohio-___. Thus, there was no ex post facto violation. We also reasoned that there is a basic rationale that we must follow the mandates of the Ohio *Page 4 
Supreme Court and that we lack the authority to declare such a mandate unconstitutional. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 69;Harris, 7th Dist. No. 06JE36, 2007-Ohio-3173, ¶ 16. Lastly, we rationalized that the Ohio Supreme Court denied a reconsideration motion in Foster that urged the Court to find that Foster violated the ex post facto clause and, as such, it seemed to have implicitly found no merit with the argument. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572, ¶ 74.
 {¶ 9} Long presents no new arguments that have not already been considered by this court. Thus, as this court has continually done, we find no merit with the ex post facto/due process arguments and once again reaffirm our holding in Palmer. See State v. Balwanz, 7th Dist. No. 07BE20, 2007-Ohio-5041 (reaffirming our holding in Palmer). These assignments of error are meritless.
 THIRD ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE A NON-MINIMUM SENTENCE. APRIL 30, 2007, JUDGMENT ENTRY."
 {¶ 11} Under this last assignment of error, Long contends that after the Supreme Court's severance of R.C. 2929.14(B) (the presumption of the minimum unless certain findings are made), the trial court was without authority to sentence Long to more than the minimum sentence (which is three years for a first degree felony).
 {¶ 12} This argument is not supported by law. The Ohio Supreme Court in Foster held:
 {¶ 13} "Trial courts have full discretion to impose a prison sentencewithin the statutory range and are no longer required to making findings or give their reasons for imposing maximum, consecutive, or more thanthe minimum sentences." Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus (emphasis added).
 {¶ 14} Furthermore, recently the Supreme Court has reaffirmed that statement. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. It explained:
 {¶ 15} "Indeed, Foster represents a Pyrrhic victory for Payne and other defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statutes that required judicial findings for *Page 5 
the imposition of higher than minimum sanctions, we did not adopt theirproposed remedy of mandatory minimum sentences." Id. at ¶ 25.
 {¶ 16} Thus, the trial court was not required to impose the minimum sentence. It had the authority to impose more than the minimum sentence. Consequently, this assignment of error lacks merit.
 {¶ 17} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1