OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, John L. Stone, appeals the decision of the Mahoning County Court of Common Pleas that sentenced Stone to the maximum sentence for voluntary manslaughter with a firearm specification. On appeal, Stone argues that the remedy in the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856, 845 N.E.2d 470, violates both due process and the prohibition against ex post facto laws, that his attorney was ineffective for not raising this issue, and that the trial court erred by ignoring the Due Process and Ex Post Facto Clauses when sentencing Stone to the maximum possible prison term.
 {¶ 2} This court has previously rejected Stone's arguments regarding the Due Process and Ex Post Facto Clauses in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572. Thus, as Fosters' remedy violates neither clause, Stone's counsel was not ineffective for failing to raise those arguments below and the trial court had the authority to impose the maximum term of imprisonment on Stone. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} On July 21, 2005, Stone was indicted by the Mahoning County Grand Jury on one count of murder with a firearm specification. On January 9, 2006, Stone agreed to plead guilty to one count of voluntary manslaughter with a firearm specification. In exchange, the State agreed to amend the indictment from murder to voluntary manslaughter. The parties did not agree on a sentencing recommendation.
 {¶ 4} At sentencing, the State requested that the trial court sentence Stone to the maximum possible prison sentence, while Stone requested a mid-range sentence. The trial court imposed the maximum sentence.
 Ex Post Facto and Due Process Clauses {¶ 5} Stone's first assignment argues:
 {¶ 6} "The trial court erred by imposing a maximum sentence in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution."
 {¶ 7} Specifically, Stone contends that since his crimes were committed before the Ohio Supreme Court's decision in Foster, application of the Foster decision to his *Page 2 
sentencing violates the Ex Post Facto Clause of the United States Constitution and violates his right to due process of law.
 {¶ 8} This court has conclusively determined in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, that application of Foster does not violate the Ex Post Facto Clause or a defendant's due process rights.Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily twofold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Palmer at ¶ 62, 68-69, 74. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced before Foster is the same as they face after Foster. Palmer at ¶ 63-67, 70-71.
 {¶ 9} As Stone has not provided this court with any new arguments related to these issues, we will follow our decision in Palmer.
Accordingly, Stone's first assignment of error is meritless.
 Ineffective Assistance of Counsel {¶ 10} Stone's second assignment of error argues:
 {¶ 11} "Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's retroactive application of the Ohio Supreme Court's remedy in State v. Foster."
 {¶ 12} To prove an allegation of ineffective assistance of counsel, Stone must satisfy a two-prong test. First, Stone must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, Stone must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, Stone must prove that, but for *Page 3 
counsel's errors, the result of the proceedings would have been different. Id. at paragraph three of the syllabus.
 {¶ 13} Here, the record does not support the first prong of the test for ineffective assistance of counsel. Stone cannot demonstrate that his counsel's performance fell below an objective standard of reasonable representation. As indicated in the first assignment of error, this court has previously determined that Foster does not violate the Ex Post Facto or Due Process Clauses. We cannot conclude that counsel's performance was deficient because he failed to raise a meritless argument. Thus, Stone's second assignment of error is also meritless.
 Plain Error {¶ 14} Finally, Stone's third assignment of error argues:
 {¶ 15} "The trial court committed plain error and denied Mr. Stone due process of law by imposing a maximum sentence."
 {¶ 16} As stated above, this court has already determined that the remedy created by the Ohio Supreme Court in Foster did not violate the Due Process and Ex Post Facto Clauses. Palmer, supra. Accordingly, the trial court did not err, let alone commit plain error, when sentencing Stone. Stone's third assignment of error is also meritless.
 Conclusion {¶ 17} The arguments in Stone's assignments of error are premised on his belief that the remedy the Ohio Supreme Court reached inFoster violates the Due Process and Ex Post Facto Clauses if that remedy is applied retroactively. However, this court has already found these arguments meritless. Accordingly, the judgment of the trial court is affirmed.
 Donofrio, J., Vukovich, J., concurs. *Page 1